**David NICKERSON et al.**

**v.**

**Jan H. REITSMA, in his capacity as Director of the Rhode Island Department of Environmental Management.**

No. 2002–531–M.P.

Supreme Court of Rhode Island.

June 15, 2004.

Raymond A. Lafazia, Esq., Providence, for Plaintiff.

Brian A. Wagner, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Supreme Court on May 12, 2004, pursuant to a petition for certiorari filed by the petitioner, the Rhode Island Department of Environmental Management (DEM or petitioner), seeking review of a Superior Court judgment setting aside an administrative penalty assessed against respondents, David Nickerson, Michael Nickerson and Allen Nickerson (respondents). The petitioner contends that the Superior Court justice violated the Rhode Island Administrative Procedures Act (APA), G.L.1956 § 42–35–15, by entertaining new evidence in the context of an administrative appeal and abused his discretion and erred as a matter of law in setting aside the penalty despite his finding that the agency decision contained no error of law or fact. For the reasons set forth herein, we quash the judgment of the Superior Court.

### Facts

In October 1994, respondents and their brother, Warren B. Nickerson, Jr. (Nickerson), took title to the subject property, which is at 190 East Main Road in Little Compton (the property). The respondents subsequently sold their interest to Nickerson in March 1997. On May 23, 2000, DEM issued a notice of violation (NOV) to Nickerson and respondents for various regulatory violations relating to the improper operation and maintenance of underground gasoline storage tanks on the property. In response, respondents requested an administrative hearing pursuant to G.L.1956 § 42–17.1–2(u)(1) and (3).

Nickerson did not request an administrative hearing; consequently, he was defaulted and was not a party to that proceeding.

The administrative hearing took place on May 14, 2001. Throughout the hearing, respondents neither disputed their ownership of the property from October 1994 through March 1997, nor the alleged regulatory violations. In their defense, respondents asserted that they should not be held responsible for the alleged violations because Nickerson alone operated and maintained the property, notwithstanding their record ownership of the property.

In the meantime, on July 18, 2001, after the close of the evidence but before the hearing officer made a decision, the state filed a civil complaint against Nickerson, seeking to enforce the NOV and compel the removal of the underground storage tanks and remediation of any contamination. The final agency decision was entered on November 20, 2001, sustaining the NOV and ordering respondents to jointly and severally pay a penalty of $20,070. On December 12, 2001, respondents appealed the final decision to the Superior Court pursuant to § 42–35–15(b), and it is that administrative appeal that is now before this Court.

On June 17, 2002, over DEM's objections, the trial justice ordered that the administrative appeal be consolidated with the civil enforcement action then pending against Nickerson. The appeal and civil trial were called ready before the trial justice on August 2, 2002. After hearing oral arguments, the trial justice concluded that "the hearing officer functioned properly, [and] committed no errors of law or fact." Despite this conclusion and DEM's strenuous objections, the trial justice proceeded to hear testimony from Nickerson about efforts he made to cleanup the property after the administrative hearing had concluded. The trial justice explained that

although he was limited to considering the administrative record concerning respondents' appeal, "to pretend that [the administrative appeal and the civil enforcement action] somehow have no connection with each other would be * * * the height of judicially-willed blindness." After Nickerson testified, the trial justice found the hearing officer's findings of fact to be supported by the evidence produced at the administrative hearing. Although the trial justice sustained the hearing officer's decision, he vacated the penalties assessed against respondents based upon the post-hearing cleanup efforts Nickerson made.[1]

### Standard of Review

It is well settled that this Court limits its review on certiorari "to examining the record to determine if an error of law has been committed." *City of Providence v. S & J 351, Inc.*, 693 A.2d 665, 667 (R.I.1997) (per curiam) (quoting *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire*, 637 A.2d 1047, 1049 (R.I. 1994)). "We do not weigh the evidence presented below, but rather inspect the record to determine if any legally competent evidence exists therein to support the findings made by the trial justice." *Id.*

### Discussion

Although § 42–35–15 of the APA provides for review of administrative determinations, that review is circumscribed and limited to "an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." *Barrington School Committee v. Rhode Island State Labor Relations Board*, 608 A.2d 1126, 1138 (R.I.1992). "If competent evidence exists in the [certified] record * * * the court is required to uphold the agency's conclusions." *Id.; see also Rhode Island Public Telecommunications Authority v. Rhode Island State Labor Relations Board*, 650 A.2d 479, 485 (R.I.1994).

"However, [the Court] may reverse, modify, or remand the agency's decision if the decision is violative of constitutional or statutory provisions, is in excess of the statutory authority of the agency, is made upon unlawful procedure, is affected by other errors of law, is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious and is therefore characterized by an abuse of discretion." *Barrington School Committee*, 608 A.2d at 1138 (citing § 42–35–15(g)).

We begin by noting that the trial justice erred in consolidating the respondents' administrative appeal with the civil action pending against Nickerson. An administrative appeal and a civil trial differ greatly with respect to governing procedural rules, burdens of proof, and standards of review. Although these two cases were connected factually, their contrasting procedural postures made consolidation impermissible, amounting to clear error. This error was further compounded by the trial justice's failure, after ordering the cases consolidated, to enter a judgment in the claim against Nickerson.[2]

---

1. Nickerson testified that he paid approximately $70,000 to cleanup the property and remove the underground storage tanks.

2. Although the trial justice ordered these cases consolidated, the record discloses that several months earlier, two consent orders had been entered in the enforcement action against Nickerson (C.A. No. 01–3806), which, according to the trial justice, had been "substantial[ly] compli[ed] with" by Nickerson. We note that final judgment in the enforcement action has not been entered, notwithstanding the consolidation of these claims by the trial justice and the improvident issuance of a writ of certiorari by this Court.

██ During the consolidated proceeding, the trial justice examined the certified administrative record and determined that it contained competent evidence to support each of the agency's findings of fact and conclusions of law. Although the trial justice specifically noted that his review was limited to the certified record, he nevertheless proceeded to hear and consider extraneous evidence, including Nickerson's testimony about post-hearing events, thereby exceeding his authority under the APA. *See* § 42–35–15(f) ("[t]he review shall * * * be confined to the record").

██ The trial justice also exceeded his authority in vacating the administrative penalty based upon what he characterized as "the principle of finality" and his obligation "to do substantial justice between the parties." It is well settled that the Superior Court must uphold an agency decision that is supported by competent evidence in the certified record.[3] Here, the trial justice found that the administrative agency did not err in any way; yet, after considering evidence independent from the certified record, he chose to vacate the penalty based upon his "inherent equitable authority." We deem this reversible error. The Superior Court is certainly a court of equity; however, the trial justice was not vested with any authority to circumvent the clear procedural limitations that the statutory and decisional law of this state placed upon him. In this case, the trial justice erred in three respects: by impermissibly consolidating an administrative appeal with a civil trial, erroneously exceeding his authority by considering evidence outside the certified record in the administrative appeal, and lastly, by vacating a valid agency decision based upon unarticulated equitable

grounds and in the absence of any authority to do so. Finally, as noted, no judgment was entered in the civil enforcement action against Nickerson and now, almost two years later, that case remains pending.

For the reasons stated herein, we quash the judgment of the Superior Court. The record is remanded to the Superior Court with direction to enter a judgment affirming the decision of the administrative agency in C.A. No. 01–6678. We also remand C.A. No. 01–3806 to the Superior Court for proceedings in accordance with this decision.

Justice FLAHERTY and Justice SUTTELL did not participate.

---

**3.** As already discussed, the Superior Court has the authority to reverse or modify an agency decision in certain situations, none of which apply in this case in light of the trial justice's finding that the agency decision did not err in its findings of fact or conclusions of law. *See* G.L.1956 § 42–35–15(g).