[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an administrative appeal from a residency determination made by the Commissioner of Education for the State of Rhode Island (Commissioner). The Commissioner determined that the Petitioners, Parents of CD, a minor child (Petitioners), are residents of Massachusetts for educational purposes and, thus, do not meet the residency requirement for enrollment in a Rhode Island school system. The Town of Barrington (Barrington) has filed a counterclaim, asking this Court to declare that Petitioners are residents of Massachusetts, enjoin the Petitioners from using their Massachusetts address, and seeking $30,000 in reimbursement for educational services rendered between September 2000 to January 2004. Jurisdiction in this Court is pursuant to G.L. 1956 §§ 9-30-1, 16-64-6, and 42-35-15.
 FACTS AND TRAVEL
The Petitioners are the parents of CD, a minor child who was determined by the Commissioner to be ineligible for education in Barrington because the Petitioners were residents of Swansea, Massachusetts for school purposes. The Petitioners moved to their current home in 1997. Their property lies in both Swansea, Massachusetts, and in Barrington, with a overwhelmingly high percentage of the property in Swansea. The Petitioners intentionally built their house so that approximately five square feet of it lies in Barrington. The subject parcel receives mail at both addresses of 1 Deep Meadow Road, Swansea, Massachusetts and 1 Deep Meadow Road, Barrington, Rhode Island. Using the Barrington address, the Petitioners enrolled their child in the Barrington public school system.
In the Fall of 2003, the Commissioner informed the Petitioners that their child was not eligible for enrollment in the school and would not be allowed to enroll for the fall because the child was attending school in the wrong district. The Petitioners sought a hearing on the issue before the Commissioner, arguing that § 16-64-1 permitted them to choose the school system they desired because their property was in two municipalities or, in the alternative, they were residents of Barrington for school purposes by virtue of the many contacts they had with Barrington and with Rhode Island. In a written decision dated December 9, 2003, the Commissioner denied the Petitioner's claims, holding that the Petitioner's child is not a resident of Barrington for school purposes. On January 7, 2004, the Petitioners filed a timely appeal in Superior Court.
 STANDARD OF REVIEW
The Superior Court has appellate jurisdiction to review a decision of the Commissioner and other state administrative agencies pursuant to § 42-35-15. Section 42-35-15 provides:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or [sic] law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The Superior Court reviews an administrative agency decision in the manner of an appellate court with a limited scope of review, as prescribed by § 42-35-15. Mine Safety Appliances v. Berry,620 A.2d 1255, 1259 (R.I. 1993). This review is confined "to an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Johnston Ambulatory Surgical Assocs., Ltd. v. Nolan,755 A.2d 799, 805 (R.I. 2000) (quoting Barrington Sch. Comm. v.R.I. State Labor Relations Bd., 608 A.2d 1126, 1138 (R.I. 1992)). This Court must uphold the Commissioner's decision if the basis therefor was sufficient and competent evidence in the record, Johnston Ambulatory, 755 A.2d at 805 (citingBarrington Sch. Comm., 608 A.2d at 1138), and the trial judge "may not substitute his or her judgment for that of the administrative agency," Bunch v. Bd. of Review, 690 A.2d 335,337 (R.I. 1997). This is required even when this Court, after reviewing the certified record and evidence, is inclined to view the evidence differently than the Commissioner. Berberian v.Dep't of Employment Sec., 414 A.2d 480, 482 (R.I. 1980).
When a trial judge reviews a decision of an agency, the judge can affirm the decision, reverse the decision, or remand the case for further review. Birchwood Realty, Inc. v. Grant,627 A.2d 827, 834 (R.I. 1993) (citing § 42-35-15(g)). The trial judge may reverse the Commissioner's decision only when his conclusions and the findings of fact are not supported by the evidence in the record or from the reasonable inferences drawn from such evidence. See Bunch, 690 A.2d at 337. If more than one inference may be drawn from the evidence in the record, this Court is precluded from substituting its judgment for that of the Commissioner and must affirm the Commissioner's decision unless his findings in support of his decision are not supported by evidence of the entire record. Rocha v. State Public UtilitiesComm'n, 694 A.2d 722, 726 (R.I. 1997). "Questions of law, however, are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts."Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607,376 A.2d 1, 6 (R.I. 1977).
 DETERMINING RESIDENCY OF A CHILD — STATUTORY CONSTRUCTION
The Rhode Island Supreme Court has stated that residence does not possess a fixed legal definition, but "must be interpreted according to the context and the purpose of the statute in which it is found." Flather v. Norberg, 119 R.I. 276, 281,377 A.2d 244, 228 (1977). It is well settled that this court accords deference to an administrative agency when it interprets a statute whose administration and enforcement has been entrusted to the agency. Pawtucket Power Assoc. Ltd. Partner. v. City ofPawtucket, 622 A.2d 452, 456 (R.I. 1993). This Court will give "the agency's interpretation of the statute as applied to a particular factual situation . . . `weight and deference as long as that construction is not clearly erroneous or unauthorized.'"Labor Ready Northeast, Inc. v. McConaghy, 849 A.2d 340, 344-45
(R.I. 2002) (citing In re Lallo, 768 A.2d 921, 926 (R.I. 2001) (quoting Gallison v. Bristol Sch. Comm, 493 A.2d 164, 166 (R.I. 1985))). When the language of a statute is clear and unambiguous, this Court must interpret the statute literally, giving the words their plain and ordinary meaning. Id. (citing Stebbins v.Wells, 818 A.2d 711, 715 (R.I. 2003) (per curium)). An agency does not have the ability to "`modify the statutory provisions under which it acquired power, unless such an intent is clearly expressed in the statute.'" Id. (citing Little v. Conflict ofInterest Comm'n, 121 R.I. 232, 236, 397 A.2d 884, 886 (1979)). "But when `the provisions of a statute are unclear or subject to more than one reasonable interpretation, the construction given by the agency charged with its enforcement is entitled to weight and deference as long as that construction is not clearly erroneous or unauthorized.'" Id. (quoting In re Lallo,768 A.2d at 926). Weight and deference are given even when the agency's interpretation of the statute is not the only permissible interpretation that could be applied. Id.;Pawtucket Power Assoc., 622 A.2d at 456-57.
Section 16-64-1 proscribes the manner in which a child's residency is determined for school purposes. Under this section, a child attends the school system located in the city or town in which he or she resides, and he or she is a resident of the city or town in which his or her parents reside. Section 16-64-1. The Petitioners argue that the Commissioner failed to follow the last sentence of § 16-64-1 and allow them to choose the school district that their child should attend. That sentence states "[w]here a child is a resident in a dwelling which lies in more than one municipality, the parent(s) or guardian shall choose which school district the child shall attend without payment of costs as tuition." Section 16-64-1. The Commissioner asserts that this sentence only applies when the municipalities in question are both in the State of Rhode Island, and not when the house lies in Rhode Island and Massachusetts. The Commissioner stated that he was "convinced" that the Legislature intended such a limitation because
 "[t]o construe the statute otherwise would be to impute to the Rhode Island legislature an intent to provide a free public education to students who are in fact living in Massachusetts, and who are eligible to attend the public schools of Massachusetts. We are convinced that our legislature had no such intent when it passed the legislation now at issue." (Comm'r Decision at 2.)
When statute provisions are open to interpretation, this Court "must defer to a reasonable construction by the agency charged with its implementation." Labor Ready Northeast,849 A.2d at 346 (quoting Barnhart v. Thomas, 540 U.S. 20, 26 (2003) (quoting Chevron U.S.A. Inc. v. Natural Resources DefenseCounsel, Inc., 467 U.S. 837, 843 (1984)); In re Lallo,768 A.2d at 926). "The Commissioner of Education has a duty to interpret laws affecting this state's schools." Martone v.Johnston Sch. Comm., 824 A.2d 426, 431 (R.I. 2003). The Commissioner conducted a residency hearing after appropriate petitions were filed. After reviewing the presented evidence and interpreting the residency statute, the Commissioner found that the Petitioners were residents of Massachusetts for school purposes. Rhode Island General Laws do not define the term "municipality" for purposes of § 16-64-1. The Commissioner could have interpreted the statute in the manner that the Petitioners suggest, but he chose to "afford another reasonable interpretation of this undefined term." Labor Ready Northeast,
840 A.2d at 346. A determination that the legislature intended that § 16-64-1 only applies when the two or more municipalities are within the State of Rhode Island is not "clearly erroneous or unauthorized"; therefore, "it [is] entitled to weight and deference by a reviewing court." Id. at 345. The Commissioner prescribed a practical, rational, and reasonable objective behind the enactment of § 16-64-1, concluding that the legislature could not have intended to provide free public education to residents of another state when it promulgated § 16-64-1. The Commissioner appropriately interpreted the laws affecting Rhode Island schools, and this Court must defer to a reasonable interpretation of such rules.
 DETERMINING RESIDENCY OF A CHILD — CONSTELLATION OF INTERESTS
The Petitioners also argue that they have established residency in Barrington by a "constellation of interests" that provide sufficient contacts with Barrington to warrant their child's attending school in Barrington. In support of this contention, the Petitioners rely on and cite to In re Residency of J.R., a Commissioner of Education decision of August 23, 2000. In that decision, the Commissioner stated that "the determination of residency where a dwelling overlaps district boundaries is `based on the whole constellation of interests including both geography and the community orientation of the student and the family.'" In re Residency of J.R., Commissioner of Education, August 23, 2000 (emphasis added) (quoting Rapp, Education Law § 5.03(4)(g)). Additionally, the Commissioner stated that "[i]n boundary line cases in which the residence lies not only in different municipalities, but also in different states, consideration of facts in addition to geography is particularly appropriate because it recognizes the affinity of a family to one state or the other, but not both." Id.
The Petitioners argue that a "plethora of documents" demonstrated their residency in Barrington, that all proffered documents except for tax returns "demonstrated a clear and undivided allegiance to Rhode Island." (Pet. Mem. at 7.) Additionally, the Petitioners contend that "[l]ogic would tell us different" that the "tax filing error, corroborated by the accountant, and the subsequent amendment does not trump thirty-plus other documents indicating a consistent pattern of living for the last thirty-odd years." (Pet. Mem. at 8.) The Commissioner, however, found that the "Petitioners have done no more then [sic] assemble a self-serving cache of documents on which they have claimed a Barrington address. These documents are completely auto-generated and self-serving. They prove nothing." (Comm'r Decision at 3 (internal footnotes omitted).) Furthermore, the Commissioner held that
 "[w]hat we have here is an everyday family living in the state of Massachusetts. There are no factual vectors that compel us to see this student as being a resident of Barrington for school purposes. Nothing more then [sic] a plethora of paper supports her case and this plethora of paper does not suffice to overcome the gravitational pull of Massachusetts." (Comm'r Decision at 3 (internal footnotes omitted).)
"When the agency is the trier of fact, `[a] court must not substitute its judgment for that of the agency in regard to the credibility of the witnesses or the weight of the evidence concerning questions of fact.'" Environmental Scientific Corp.v. Durfee, 621 A.2d 200, 206 (R.I. 1993) (quoting Costa v.Registrar of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988)). Thus, this Court must uphold a decision of the Commissioner if it is supported by legally competent evidence on the record, and shall not substitute its judgment for that of the Commissioner "as to the weight of the evidence on questions of fact."Interstate Navigation Co. v. Div. of Pub. Utils. Carriers ofR.I., 824 A.2d 1282, 1285 (R.I. 2003); § 42-35-15(g). In the instant matter, the Commissioner found that the "galaxy of documents" presented by the Petitioners noting their residence as being in Barrington did not "represent independent assessment of where the [P]etitioners are in fact living." (Comm'r Decision at 2.) The Commissioner further stated that
 "These documents are simply the result of the petitioner's [sic] own efforts to obtain a multiplicity of documents with Barrington listed as their residence. That is to say, these documents do not prove that the petitioners have ties to Barrington. They only prove that petitioners have taken the time to go to various offices to change their address on various public documents. This is weak evidence indeed. For the past 6 years, however, the petitioners have filed their federal taxes from Massachusetts and they have filed non-resident income tax returns with the state of Rhode Island. These two items, which have fiscal consequences, are much better indicators of the petitioners' true residence." (Comm'r Decision at 2 (emphasis added).)
The Commissioner reviewed all the documents that indicated the Petitioners claimed Rhode Island residence, yet determined that for school purposes, the Petitioner's child is not a resident of Rhode Island. In his decision, the Commissioner placed a high degree of weight on the Petitioner's tax returns. Despite the Petitioners' contention that they filed their tax returns as residents of Massachusetts based upon the advice of their tax preparer, and have since filed their taxes as residents of Rhode Island as a direct consequence of the Commissioner's decision, the Commissioner's decision must stand because this Court cannot substitute its judgment for that of the Commissioner with regard to weight of the evidence. The fact remains that the Petitioners signed and filed taxes as Massachusetts residents for six years. This Court further finds that the Commissioner's factual findings were based on the reliable, probative, and substantial competent evidence presented during the hearings. After a review of the record, this Court finds that the Commissioner's reliance on the Petitioners' tax returns substantially supports the Commissioner's conclusion that the Petitioners reside in Massachusetts for school purposes.[1]
Secondly, the Petitioners allege that the Commissioner "erred in application of the evidence in that the burden of proof was with the Appellee." This Court may review questions of law "to determine what the law is and its applicability to the facts."Narragansett Wire Co., 118 R.I. at 607, 376 A.2d at 6. The Petitioners argue that the legal burden of proof in residency challenges lies with Barrington, the party challenging the residency. Therefore, they contend, "the Commissioner erred in application of the evidence in that the burden of proof was with [Barrington]." Neither the Rhode Island General Laws nor case law, however, would assign such a burden to Barrington. Section16-64-3, "Burden of Proof," states:
 "In any proceeding where it is alleged that a child's residence has been changed due to illness of a parent, the break-up of the child's family, abandonment of the child by his or her parents, death of the child's parents, or emancipation of the child, the party alleging the existence of these circumstances shall have the burden of proof and shall make proof by a preponderance of the evidence." Section 166-4-3.
No such burden of proof, however, is assigned to Barrington in residency contests that arise as a result of both parents moving to another home. Consequently, the Petitioners' argument that the Commissioner applied the incorrect burden of proof fails.
 BARRINGTON'S COUNTERCLAIMS
In its Answer to the Petitioners' complaint, Barrington asserts two counterclaims against the Petitioners. Count I is labeled Declaratory Judgment; Count II is labeled Unjust Enrichment. As relief, Barrington requests that this Court (1) declare that the Petitioners are residents of Swansea, Massachusetts; (2) permanently enjoin the Petitioners from using the address of "1 Deep Meadow Road, Barrington, Rhode Island"; (3) permanently enjoin the Petitioners from "exercising the rights of Rhode Island residents unless they establish residence within the State under Rhode Island law"; and (4) order the Petitioners to reimburse Barrington for school tuition in the amount of $30,000. The Petitioners have not responded to Barrington's argument for recovery of school tuition, contending that it was not previously addressed and, thus, is not properly before this Court as a matter for appeal. Barrington, in response, suggests that this Court should use the Commissioner's finding that the Petitioners "made a purposeful effort to construct a pseudo-Rhode Island residency while at the same time filing documents with fiscal consequences (income tax returns) with the Massachusetts address," and that "[s]uch a finding implies a significant level of deception that this Court should use to assess school reimbursements costs, even if sua sponte." (Barrington Reply Mem. at 4.) For the reasons stated below, this Court finds that this issue is not properly before this Court at this time.
Barrington's request for declaratory judgment is controlled by the Uniform Declaratory Judgments Act, G.L. §§ 9-30-1 to 9-30-16, which grants the Superior Court "power to declare rights, status, and other legal relations whether or not relief is or could be claimed." Section 9-30-1. The purpose of the Act "is to facilitate the termination of controversies." Capital Props.,Inc. v. State, 749 A.2d 1069, 1080 (R.I. 1999). The decision to issue a declaratory judgment lies within the trial justice's discretion. Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997) (citing Woonsocket Teachers' Guild Local Union 951, AFT v.Woonsocket Sch. Comm., 694 A.2d 727, 729 (R.I. 1997)); Lombardiv. Goodyear Loan Co., 549 A.2d 1025, 1027 (R.I. 1988) (citingEmployers' Fire Ins. Co. v. Beals, 103 R.I. 623, 628,240 A.2d 397, 401 (1968)). Section 9-30-12 provides that the Uniform Declaratory Judgments Act should be "liberally construed and administered."
Barrington first seeks this declaration from this Court that the Petitioners are residents of Swansea, Massachusetts. The existence of an actual or justiciable controversy, however, is a "necessary predicate" to a Court's exercising jurisdiction under the Uniform Declaratory Judgments Act. Meyer v. City ofNewport, 844 A.2d 148, 151 (R.I. 2004). On appeal, the issue before this Court is whether the Petitioners are residents of Barrington, Rhode Island, for school purposes. This Court declines to determine, upon the facts presented before it in this administrative appeal, whether the Petitioners are residents of Barrington, Rhode Island, or Swansea, Massachusetts, for all
purposes.
It appears from the manner in which its counterclaim is presented that Barrington also seeks an injunction under the Uniform Declaratory Judgments Act. Although a claim for injunctive relief may be joined to a claim for declaratory relief, Gomes v. Wall, 831 A.2d 817, 821 (R.I. 2003) (citingParente v. Southworth, 448 A.2d 769, 772 (R.I. 1982)), injunctive relief cannot be granted under the Declaratory Judgments Act, Shipyard Drive-In-Theatre, Inc. v. Scuncio,107 R.I. 554, 560, 268 A.2d 820, 825 (1970). Consequently, Barrington's sought-after injunctive remedies are not properly before this Court and are thereby dismissed.
Barrington next seeks reimbursement from the Petitioners for the education of their child in the amount of $30,000, under the theory of unjust enrichment. To recover under a theory of unjust enrichment, Barrington must demonstrate that (1) it conferred a benefit upon the Petitioners; (2) that the Petitioners accepted the benefit; and (3) that the Petitioners "accepted the benefit under circumstances such `that it would be inequitable for [the recipient] to retain the benefit without paying the value thereof.'" Id. (quoting Bouchard v. Price, 694 A.2d 670, 673
(R.I. 1997)). Unjust enrichment is a remedy in contract and tort, and it "can stand alone as a cause of action in its own right."Dellagrotta v. Dellagrotta, 873 A.2d 101, 113 (R.I. 2005). However, it is important to note that "[a]n administrative appeal and a civil trial differ greatly with respect to governing procedural rules, burdens of proof, and standards of review."Nickerson v. Reitsma, 853 A.2d 1202, 1205 (R.I. 2004). InNickerson, the Rhode Island Supreme Court held that the trial justice erred in consolidating an administrative appeal with a separate civil action. Id. In reviewing an administrative action, "a court exercises only appellate jurisdiction and has no original authority to declare the rights of the parties or the applicability of any statute or rule." 2 Am. Jur. 2d § 525Administrative Law (2004). Furthermore, "[t]he focal point for judicial review of an administrative action should be the administrative record already in existence, not some new record made initially in the reviewing court." 2 Am. Jur. 2d § 485Administrative Law (2004) (citing Florida Power Light Co. v.Lorion, 470 U.S. 729 (1985)).
In order for this Court to properly determine the claim for unjust enrichment, this Court requires additional evidence from that which is available in the administrative record. Even if this Court were to agree that Barrington conferred a benefit on the Petitioners, that the Petitioners accepted the benefit, and that it would be unjust for the Petitioners to retain the benefit without compensating Barrington, issues of fact remain regarding the cost of education and what the Petitioners should be required to pay to Barrington for educational services rendered. At this time, only the administrative record is before this court on appeal. Consequently, Barrington's claim for unjust enrichment is also dismissed.
 CONCLUSION
After review of the entire record, this Court finds the decision of the Commissioner was supported by the reliable, probative, and substantial evidence on the whole record. The Commissioner's interpretation of § 16-64-1 is not clearly erroneous or unauthorized. Accordingly, this Court upholds the decision of the Commissioner determining that the Petitioners are not residents of Barrington for school purposes. Consequently, their child may not attend the schools of Barrington.
This Court also dismisses Barrington's counterclaims for declaratory judgment and for unjust enrichment because they are not properly before this Court as counterclaims to an administrative appeal of the Commissioner's decision that the Petitioners are not residents of Barrington for school purposes. Counsel shall submit the appropriate judgment for entry.
[1] In their appeal, the Petitioners also attempt to argue that the "constellation of interest" test is met by the fact that they are registered to vote in Barrington, have paid automobile tax bills to Barrington, and that Barrington sends mail to the Petitioner's address in Barrington. All of these facts, however, were before the Commissioner, and the Commissioner determined that, for school purposes, the Petitioners' child is not a resident of Barrington. Whether other agencies in Barrington have determined the Petitioners' residency, and the relevancy of such evidence, is not before this Court on appeal. The Commissioner's decision must stand because this Court will not substitute its judgment for that of the Commissioner, even if this Court is inclined to view the evidence differently than the Commissioner.See Bunch, 690 A.2d at 337; Berberian, 414 A.2d at 482.