DECISION
Appellant Iannotti Brothers Select Cars, Inc. (Iannotti) appeals from a decision of the Hearing Board of the Rhode Island Dealers' License and Regulation Office (the Board), finding Iannotti violated G.L. 1956 § 31-14-11(10) by engaging in an unconscionable business practices, and failing to abide by the Rules and Regulations Regarding Dealers, Manufacturers and Rental Licenses (Rules and Regulations). The Board ordered that Iannotti's dealer license be suspended for sixty days and that Iannotti pay a $100 fine. This Court has jurisdiction under G.L. 1956 § 42-35-15.
 Facts and Travel
The facts in this case are undisputed. In February 2010, Iannotti submitted an application to the Board for three new dealer plates, and an investigation began. During the course of this investigation, investigator Kevin Rabbitt (Rabbitt) discovered that five names were present on Iannotti's auto auction authorization lists that were not included on Iannotti's employee list filed with the Board.
On February 23, 2010, Rabbitt informed Iannotti that individuals could not be placed on a dealer's auction list unless they were listed as employees with the Board. Iannotti then removed the additional names from his auction lists and provided documentation of this removal to the Board on February 26, 2010. *Page 2 
Iannotti appeared before the Board on March 11, 2010 where he was awarded the requested dealer plates and he acknowledged he understood that individuals could not be included on his auction list unless they were listed as employees with the Board. Iannotti received the dealer plates on March 30, 2010.
Two weeks after receiving the new dealer plates, Iannotti added Michael Allard (Allard) to his auction list without adding Allard as an employee on the employee list filed with the Board. Not long after, Iannotti added another individual, Frank Lyons (Lyons), to his auction list without listing Lyons as an employee with the Board. Despite failing to list Allard as an employee, Iannotti allowed Allard to sell a vehicle to Patrick Lepore (Lepore) on September 18, 2010. Iannotti admits that the 1997 Ford Explorer Lepore purchased did not have a valid Rhode Island inspection sticker when Lepore drove it off Iannotti's lot.[1] Iannotti claimed that Allard was not listed as an employee because he was in Iannotti's employ on a trial basis.
As a result of Iannotti's actions, the Board held a hearing on December 9, 2010 at which Iannotti appeared, and the facts detailed above were established.[2] The Board found that Iannotti had violated § 31-14-11(10) by engaging in an unconscionable business practice and through continued violations of the Rules and Regulations. A sixty day suspension of Iannotti's dealer's license and a $100 fine were imposed. The enforcement of these sanctions was stayed pending the present appeal. *Page 3 
Iannotti's appeal to this Court was timely filed. Iannotti contends that the Board's suspension of his dealer's license for sixty days constitutes an abuse of discretion under G.L. 1956 § 42-35-15(g) because it is arbitrary, capricious and bears no relation to the state's interest.
 Standard of Review
Aggrieved parties may appeal a final decision from an administrative agency to the Superior Court after exhausting all administrative remedies pursuant to G.L. 1956 § 42-35-15(a). When reviewing an action taken by an administrative agency,
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Sec. 42-35-15(g).
A reviewing court's scope of "review is circumscribed and limited to an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Nickerson v. Reitsma,853 A.2d 1202, 1205 (R.I. 2004). A reviewing court is limited to consideration of questions of law, and it is not to weigh the evidence. Rocha v. State Public Utilities Commission,694 A.2d 722, 727 (R.I. 1997); Pius X ParishCorp. v. Murray, 557 A.2d 1214, 1218 (R.I. 1989). *Page 4 
 Record Before This Court
To assist a reviewing court in fulfilling its duties under § 42-35-15, the agency must transmit "the original or a certified copy of the entire record of the proceeding under review," including a transcript of all hearings the agency held on the matter. Sec. 42-35-15(d); see A.J.C. Enterprises v.Pastore, 473 A.2d 269, 273 (R.I. 1984) (holding that the agency whose action is being reviewed is only required to transmit the record once the party appealing pays for or takes steps to ensure payment for a transcript of the proceedings.).
The Court notes that it received a certified copy of the administrative record from the Board on January 19, 2011. However, a transcript of the hearing held on December 9, 2010 was not included. Without a transcript of the proceedings before the Board, this Court is unable to fulfill its statutory duty under § 42-35-15(g) to ascertain whether the Board's decision is supported by legally competent evidence. Johnston AmbulatorySurgical Assocs., Ltd. v. Nolan, 755 A.2d 799, 804-05 (R.I. 2000) (discussing a reviewing court's role).
Under § 42-35-15(g) this Court has broad powers to remand a matter to an agency "to correct deficiencies in the record and thus afford . . . litigants a meaningful review." Lemoine v. Dep't of MentalHealth, Retardation and Hospitals,113 R.I. 285, 290, 320 A.2d 611, 614 (R.I. 1974). Since the absence of a transcript prevents the litigants here from receiving a meaningful review, this Court remands this matter to the Board for the completion of the record. This Court will retain jurisdiction.
Counsel shall present an appropriate order for entry.
[1] The Court notes that it is a violation of Rhode Island law to sell a new or used motor vehicle, except one sold for parts only, without a current state inspection sticker. G.L. 1956 § 31-38-1(b).
[2] In its memorandum of law opposing Iannotti's complaint, the Board notes that Iannotti's dealer license was suspended for thirty days as a result of "non-employee" transactions that occurred on March 25, 2010. This suspension is not mentioned in the Board's decision.