Russell L. WALDSCHMIDT and Magna Bank, as Trustee under Trust Agreement Dated November 11, 1988, and Known as Trust Number 88–599, Plaintiffs,

v.

AMOCO OIL COMPANY, a Maryland Corporation, Defendant.

No. 95–1507.

United States District Court, C.D. Illinois.

April 23, 1996.

Robert M. Riffle, Elias Meginnes Riffle & Seghetti, Peoria, IL, for plaintiffs.

David M. Harris, Lisa A. Nielsen, Greensfelder Hemker & Gale, P.C., St. Louis, MO, for defendant.

### *ORDER*

McDADE, District Judge.

Before the Court is Defendant's Motion to Dismiss. [Doc. # 6]. Plaintiffs have filed a response in opposition. [Doc. # 9]. For the following reasons, Defendant's motion is denied.

## BACKGROUND

Plaintiffs—Magna Bank as trustee and Russell L. Waldschmidt as the sole beneficiary—have filed an action against Defendant Amoco as a lessee of property located at 7817 N. Knoxville Avenue, Peoria, Illinois. Defendant leased this property for the purpose of operating a gasoline service station from 1957 until July of 1995.[1] As part of the construction of the service station, underground storage tanks ("UST"), pumps, and piping systems were installed at the property. Environmental testing done at the site revealed petroleum contamination of the soil and groundwater.[2] Although Defendant removed some of the contaminated soil, substantial quantities of contaminated soil and groundwater remain at the site. In order to cure and/or alleviate this contamination, Plaintiffs seek monetary and equitable relief pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq., ("RCRA") and Illinois common law.[3]

## LEGAL STANDARD

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and the factual allegations are taken as true. *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO*, 451 U.S. 77, 81 n. 3, 101 S.Ct. 1571, 1575 n. 3, 67 L.Ed.2d 750 (1981) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In addition, a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th

Cir.1984) (quoting *Sutliff, Inc. v. Donovan, Co.*, 727 F.2d 648 (7th Cir.1984)), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). A plaintiff does not need to set out in detail the facts upon which the claim is based, it is sufficient to allege facts outlining the cause of action. *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir.1987) (quoting *Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 414 (7th Cir.1986)).

## ANALYSIS

### *Section 6972(a)(1)(A)*

Plaintiffs have premised their federal claims on the citizen suit provisions of RCRA, 42 U.S.C. § 6972(a). One portion of RCRA's citizen suit provision subsection 6972(a)(1)(A) provides:

**(a) In general**

Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—

(1)(A) against any person (including (a) the United States, and (b) any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition or order which has become effective pursuant to this chapter[.]

42 U.S.C. § 6972(a)(1)(A). The only basis Defendant provides to dismiss Plaintiff's claims under section 6972(a)(1)(A) is that petroleum leaks from USTs are exclusively regulated under subtitle IX of RCRA such that a citizen suit is not available. In support of its position, Defendant relies on this Court's opinion in *Winston v. Shell Oil Co.*, 861 F.Supp. 713 (C.D.Ill.1994), which held that petroleum leaks from USTS are exclusively regulated under subtitle IX[4] of RCRA, 42 U.S.C. § 6991, et seq., and, as a result, are not subject to the citizen suit provision of

---

1. The Court notes that in 1990, the service station was closed.

2. Plaintiffs allege that the only source of petroleum released at the site is due to the operation of Defendant's service station and the use of the USTs and piping systems.

3. Because Plaintiffs have alleged violations of a federal statute, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Subchapter IX of RCRA is made up of 6991–6991i and is concerned with the regulation of underground storage tanks.

RCRA. As discussed below, the Court—having reconsidered its decision in *Winston*—concludes that petroleum leaks from USTs are not exclusively regulated under subtitle IX of RCRA. Consequently, Defendant's contention that a claim under subsection 6972(a)(1)(A) is barred by the exclusive provisions of subtitle IX is without merit.

### Section 6972(a)(1)(B)

Defendant—relying on this Court's decision in *Winston v. Shell Oil Co.*, 861 F.Supp. 713 (C.D.Ill.1994)—asserts that petroleum is exclusively regulated under subtitle IX of RCRA, 42 U.S.C. § 6991, *et seq.*, and, as a result, is not subject to section 6972(a)(1)(B). The Court notes that its decision in *Winston* is contrary to every other court which has considered this issue. *Nicholas J. Murlas Trust v. Mobil Oil Corp.*, 1995 WL 505468 (N.D.Ill. Aug. 18, 1995); *Dydio v. Hesston Corp.*, 887 F.Supp. 1037 (N.D.Ill.1995); *Agricultural Excess and Surplus Ins. Co. v. A.B.D. Tank & Pump Co.*, 878 F.Supp. 1091 (N.D.Ill.1995); *Craig Lyle Ltd. Partnership v. Land O'Lakes, Inc.*, 877 F.Supp. 476 (D.Minn.1995); *Dominick's Finer Foods, Inc. v. Amoco Oil Co.*, 1993 WL 524808 (N.D.Ill. Dec. 15, 1993); *Paper Recycling, Inc. v. Amoco Oil Co.*, 856 F.Supp. 671 (N.D.Ga.1993); *Zands v. Nelson*, 779 F.Supp. 1254 (S.D.Cal.1991), modified, 797 F.Supp. 805 (S.D.Cal.1992). In light of these opinions which hold that section 6972(a)(1)(B) is applicable, the Court must reexamine its decision in *Winston.*

Section 6972(a)(1)(B) provides:

**(a) In general**

Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf—

(B) against any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transported, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.]

42 U.S.C. § 6972.

■ In order for the citizen suit provision of section 6972(a)(1)(B) to apply, the petroleum contamination must constitute either solid or hazardous waste. Under subtitle III of RCRA,[5] solid waste is defined as "any ... discarded material, including ... liquid, semisolid ... material resulting from ... commercial ... operations ..." 42 U.S.C. § 6903(27). RCRA does not define the term discarded. Under RCRA's regulations, however, discarded is defined as "any material which is: (i) Abandoned ..." 40 C.F.R. § 261.2(a)(2)(i). The regulations further provide that "[m]aterials are solid waste if they are *abandoned* by being: (1) Disposed of ..." 40 C.F.R. § 261.2(b)(1). Disposal is defined as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid liquid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment ..." 42 U.S.C. § 6903(3).

As noted by the court in *Zands*, "a careful reading of the chain of definitions indicates that solid waste is defined as the leaking of any solid waste." *Zands*, 779 F.Supp. at 1262. Despite this circular definition, the *Zands* court found—and this Court agrees—that the definition of solid waste under RCRA is very broad. *Id.* Once "petroleum leak[s] into soil or groundwater [it] ceases to be useful." *Land O'Lakes*, 877 F.Supp. at 482. "Moreover, petroleum left behind from commercial operations comports with being abandoned." *Id.* Therefore, the Court finds that petroleum contamination from Defendant's service station constitutes a solid

**5.** Subchapter III of RCRA is made up of §§ 6921–6939e and is concerned with hazardous

waste under section 6972(a)(1)(B).[6]

■ The Court notes that finding that this petroleum contamination constitutes solid waste under RCRA is consistent with this Court's decision in *Winston.* In *Winston,* the Court stated: "This Court, however, finds that, although petroleum could be considered a solid waste, Plaintiffs may not bring a citizen suit because petroleum USTs are exclusively regulated by subchapter IX of RCRA." *Winston,* 861 F.Supp. at 716. Therefore, the Court must reconsider the latter portion of this statement that petroleum leaks from USTs are exclusively regulated by subchapter IX of RCRA.

As to this issue, the Court must acknowledge that it "fundamentally misconstrued" the decision in *Edison Elec. Institute v. U.S. E.P.A.,* 2 F.3d 438 (D.C.Cir.1993), to reach its conclusion in *Winston* "that petroleum USTs are to be regulated solely by subchapter IX of RCRA." *Id.* at 717. Contrary to this Court's conclusion in *Winston,* the *Edison* court did not determine that because petroleum is a regulated substance it is not a solid or hazardous waste.[7] *Dydio,* 887 F.Supp. at 1047. Nor did the *Edison* court hold "that regulation of leaking petroleum USTs falls exclusively under subchapter IX ...." *Id.* Rather, the *Edison* court concluded that EPA's construction of RCRA finding that subchapters III and IX overlap with respect to petroleum wastes was permissible. *Edison,* 2 F.3d at 452. As a result, the

*Edison* court found that "the Agency [needed] to coordinate regulations under the two regimes, and [to] temporarily ... defer the new layer of regulation while it sort[ed] out the details." *Id.* at 452–53. The *Edison* court determined that "EPA acted lawfully in temporarily deferring regulation of UST petroleum waste under subchapter III because Congress nowhere prohibited such deferral and 'substantial administrative difficulties would arise if the Agency could not do so.'" *Id.* at 1046 (quoting *Edison,* 2 F.3d at 452). Because the Court erred by relying on *Edison* to find that subchapter IX provided the exclusive remedy for petroleum leaks from USTs, the Court must determine whether any provisions of subchapter IX prevent a citizen suit under section 6972(a).

■ The Court notes that section 6991e(a) allows the Administrator of the EPA to file a civil action based on a violation of any requirement of subchapter IX. 42 U.S.C. § 6991e(a). "While subchapter IX only explicitly provides for the Administrator to issue orders requiring compliance with the subchapter and authorizes the Administrator to bring a civil action to enforce such orders, nothing in subchapter IX indicates that that subchapter was intended to provide the exclusive remedy for petroleum leaks from USTs." *Id.* at 1048. Moreover, subsections 6972(b)(2)(A), (B), and (C) provide "the exceptions to a private citizen's right to bring

---

waste management.

**6.** Of course, for section 6972(a)(1)(B) to apply, the solid waste must "presently pose[ ] an 'imminent and substantial endangerment to health or the environment.'" *Meghrig v. KFC Western, Inc.,* — U.S. —, —, 116 S.Ct. 1251, 1256, 134 L.Ed.2d 121 (1996).

**7.** In considering the interplay of subtitle III and IX, the *Edison* court considered section 6991 of RCRA which provides, in pertinent part:
(2) The term "regulated substance" means—
(A) Any substance defined in section 9601(14) of this title (but not including any substance regulated as a hazardous waste under subchapter III of this chapter), and
(B) petroleum.
42 U.S.C. § 6991(2). The *Edison* court determined that "[s]ubsection 6991(2)(A) operates in such a way that, apart from petroleum there can be no overlap in the substances regulated under

Subchapter [III] and [IX]: once a substance is defined as a hazardous waste it drops out from under Subchapter [IX] regulation and into the domain of Subchapter [III]." *Edison,* 2 F.3d at 452. In other words, the *Edison* court found that section 6991(2)(A) operates as a kickout provision such that any substance—with the exception of petroleum under section 6991(2)(B)— defined as a hazardous substance under subchapter III is not subject to regulation under subchapter IX. *Id.* Therefore—unlike these other substances referred to in section 6991(2)(A)— petroleum remains subject to regulation under subchapter IX even if it is also subject to regulation as a hazardous substance under subchapter III. Consequently, even though petroleum is a regulated substance under subchapter IX, section 6991(2) does not bar petroleum from also being considered a solid or hazardous waste under section 6972(a)(1)(B).

suit pursuant to section [6972(a)(1)(B) ]."[8] *Land O'Lakes,* 877 F.Supp. at 482. None of these exceptions include any "provision prohibiting citizen suits based on UST petroleum leaks or spills." *Id.* In addition, "[w]hen Congress explicitly enumerates exceptions to a statutory provision, a court cannot infer additional exceptions without evidence of contrary legislative intent." *Id.* (citing *Andrus v. Glover Const. Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980)). The Court finds that subchapter IX does not exclusively regulate petroleum contamination due to a leaking UST. Consequently, subtitle IX does not bar a citizen suit under either subsections 6972(a)(1)(A) or (a)(1)(B). The Court's prior decision in *Winston* that petroleum is exclusively regulated under subtitle IX of RCRA is abandoned.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. # 6] is **DENIED.**[9] The case is referred back to Magistrate Judge Robert J. Kauffman for further proceedings.

---

8. Likewise, subsections 6972(b)(1)(A) and (B) provide the exceptions to a private citizen's right to bring suit pursuant to section 6972(a)(1)(A).

9. Because the Court has jurisdiction over Plaintiff's federal claims pursuant to 6972 of RCRA, Defendant's motion to dismiss Plaintiff's supplemental state claims is denied.