DECISION
Before this Court is an appeal from a decision of the Board of the Employees' Retirement System of Rhode Island ("ERSRI" or "the Board") denying the purchase of 3.25 years of retirement credit for time spent teaching at the International Institute of Rhode Island ("IIRI") filed by Appellant Kathleen M. Mellor ("Appellant"). The Appellant requests that the Board's decision be reversed and that she be granted the right to purchase the credit for the time she taught at IIRI. ERSRI requests that this Court affirm its decision. This Court finds that the Board's conclusions are not in violation of statutory provisions, nor without substantial justification. This Court therefore affirms ERSRI's decision.
 I Facts and Travel
The Appellant is a North Kingstown public school teacher and a member of ERSRI. (Admin. Hr'g Tr. Ex. 4 at 8:16-22.) On February 3, 2003, Appellant submitted an application to ERSRI requesting the purchase of 3.25 years of retirement credit for the time she taught at IIRI. (Appellant Application for Service Credit, Ex. E.) *Page 2 
The Appellant obtained her Rhode Island teaching certificate in 1970 when she graduated from Rhode Island College. (Admin. Hr'g Tr. Ex. 4 at 9:15-10:10; see also Mellor Resume Ex. O.) She subsequently served as a substitute as well as a fifth grade teacher in the City of Cranston School Department. Id. In 1974, she left the workforce to stay home with her children for six years. Id. Returning to the workforce in 1979, she worked for two years as a substitute teacher in the City of Warwick School Department. Id. Thereafter, she was employed at the International Institute of Rhode Island from November 1980 until April 1985, where she taught English as a Second Language (ESL) to adults. Id. at 10:11-20.
In 1985, the North Kingstown School Department hired Appellant as a consultant to help develop an ESL program. (Mellor Resume Ex. O.) The Appellant accepted the position at North Kingstown High School, used the IIRI curriculum as a template for the high school ESL program, and remained as a full-time ESL teacher at North Kingstown from 1985 to the present. Id.
The Appellant holds a Masters of Education degree from Rhode Island College, a Master of Arts in Teaching degree from Brown University, and has completed Doctoral studies at Johnson and Wales University. (Mellor Resume Ex. O.) Additionally, Appellant took three ESL Training endorsement classes at Rhode Island College prior to employment at IIRI. (Admin. Hr'g Tr. Ex. 4 at 11:11-12.) In 2004, she received the National Teacher of the Year award, the U.S. Department of Education award for Excellence in ESL Instruction, as well as the Rhode Island Teacher of the Year award. (Mellor Resume Ex. O.)
The IIRI's mission and objective is to serve as a "full-service immigration center providing educational, legal, and social services to immigrants and refugees throughout Rhode Island and southeastern New England." (IIRI Website Ex. N.) At IIRI, Appellant taught ESL for *Page 3 
Project Persona, which had been a separate educational department prior to the time it merged with IIRI. (Admin. Hr'g Tr. Ex. 4 at 11-12.) Project Persona was initially focused strictly on English acquisition for immigrants; and when it merged with IIRI prior to Appellant's employment, it expanded to include various additional services and training programs. Id. at 11, 24. The Appellant taught ESL at various proficiency levels, 5 days per week, 5 hours per day, and 40 weeks per year. She also worked to develop the ESL curriculum for those classes. Id. at 13.
The Appellant worked at the Institute for nearly five years. However, when she submitted her request to ERSRI on February 3, 2003, she only sought the purchase of 3.25 years of that time. ERSRI denied her request in its initial response on May 19, 2005, on the grounds that she "cannot purchase service as a teacher for adult education," and that "only employment as a teacher of elementary or secondary education is purchasable." (ERSRI Service Denial Notice Ex. A.)
Upon receipt of ERSRI's denial, Appellant renewed her request to purchase service time pursuant to G.L. 1956 § 16-16-6. (Alves Letter Ex. I.) ERSRI requested that Appellant provide documentation and other information which would help determine whether she would be able to receive retirement service credits for her employment at IIRI. (ESRSI Letter Ex. K.) In an attempt to demonstrate that her service would fall within the purview of § 16-6-6, Appellant and her attorney provided documentation regarding the ESL program she taught at IIRI, the Institute's mission and objectives, the hours she worked, and various other evidence. (Alves Letter Ex. I; IIRI Website Ex. N.)
The Executive Director's response, dated March 14, 2008, stated that the term "teacher" is defined as "one who holds a certificate issued by the board of regents for elementary and *Page 4 
secondary education in public schools," and the ability to "receive credit for service in private schools is predicated on the private schools, institutions or public schools in which the teacher was paid by funds of the United States government being in similar capacity of public schools." (Karpinski Letter Ex. 1.) While the Executive Director conceded that IIRI was indeed deemed to be a non-profit organization, because Appellant taught ESL to adults, and the Institute was not a school similar to secondary or elementary accredited public schools, she could not receive credit for her service. Id. He then concluded that "service as a teacher of adult education and service as a teacher from a facility which is not an accredited private school cannot be purchased" per ERSRI's interpretation of the relevant statutes §§ 16-16-6
and 16-16-1(12). Id.
Following the second denial of her request to purchase credit, Appellant appealed the Executive Director's decision, and requested a hearing before the Retirement Board. (Appellant Notice of Appeal Ex. 2.) Hearing Officer, Raymond Marcaccio ("Marcaccio") was appointed to hear the case, and heard the appeal on June 5, 2008. (Hr'g Assignment Ex. 3.) Marcaccio affirmed the Executive Director's decision on August 20, 2008. (Hr'g Officer Decision Ex. 7.) Based on the evidence and testimony, Marcaccio came to the same conclusion as the Executive Director, finding that the denial of the request to purchase credit was proper because IIRI was not a private school or institution that is similar to a school contemplated by the governing legislation. Id. at 10.
Marcaccio determined that to buy credits, the Appellant must satisfy three conditions pursuant to § 16-16-6: 1) she must be employed in a city or town in the State of Rhode Island as a teacher; 2) the time sought to be purchased must be for service "as a teacher or in a capacity essentially similar or equivalent to that of a teacher[;]" and 3) such service must have been rendered in "any private school or institution." (Hr'g Officer Decision Ex. 7 at 3.) The *Page 5 
Appellant, he found, satisfied the first and second conditions, but failed to meet the third condition of rendering service in "any private school or institution." Id.
At the hearing Appellant argued that the phrase "any non-profit private school or institution" should be broadly construed and that the Executive Director's interpretation, which held that a non-profit private school or institution must be similar to a public school, was in error. However, the Hearing Officer found that a narrower interpretation provided by the Executive Director was proper based on statutory construction and legislative intent. (Hr'g Officer Decision Ex. 7.) He concluded that although Appellant was an English teacher at IIRI, an independent non-profit organization, and the program she taught was similar to that which she later conducted at North Kingstown, the "institute itself does not teach the same type of courses that are found in public schools" and therefore the institute is not similar to a regular public school such that she could purchase credit. Id.
at 9.
The Appellant appealed the Hearing Officer's decision to the Board, which heard the case on December 10, 2008. (Ret. Bd. Appeal Hr'g Ex. 10.) After consideration of the full record, as well as the additional testimony presented at the hearing, the Board affirmed the decision of the Hearing Officer denying Appellant's purchase of credits for her time at IIRI by a vote of six to five. Id. Thereafter, Appellant submitted the instant appeal to this Court. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 II Standard of Review
The Superior Court's review of the Retirement Board's decision is governed by § 42-35-15(g) which provides:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or *Page 6 
modify the decision of substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error [of] law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing administrative decisions, the court's review is "limited to an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Nickerson v. Reitsma, 853 A.2d 1202, 1205 (R.I. 2004). This Court is highly deferential to an agency's factual conclusions and, after reviewing the evidence, if the Court finds that it is legally competent and has probative value, the agency's conclusions must be upheld. Id. See also Barrington Sch. Comm. v. Rhode Island StateLabor Relations Bd., 608 A.2d 1126, 1138 (R.I. 1992). Additionally, this Court is not permitted to "substitute its judgment on questions of fact for that of the agency whose actions are under review."Id.
Deference is applied to the review of decisions from administrative agencies because the decision "is based on highly specialized knowledge of a particular matter within the agency's expertise;" and by the time the appeal reaches the higher courts, the issue has gone through every channel of the agency. McLaughlin Moran, Inc. v. State, 1996 WL 936959 (R.I. 1996) (quoting Robert E. Derecktor of Rhode Island, Inc.v. U.S., 762 F.Supp. 1019, 1022 (D.R.I. 1991)). However, questions of law determined by the administrative agency are not binding on this Court and "may be freely reviewed to determine the relevant law and its applicability to the facts presented in the record." Dep't of Envtl.Mgmt. v. Labor Relations Bd., 799 A.2d 274, 277 *Page 7 
(R.I. 2002) (citing Carmody v. Rhode Island Conflict of InterestComm'n, 509 A.2d 453, 458 (R.I. 1986)).
In reviewing an agency's decision, if the relevant statute is found to be unambiguous, there will be "no room for statutory construction, and the statute will be literally applied, attributing the plain and ordinary meaning to its words." Retirement Bd. of Employees'Retirement System of State v. DiPrete, 845 A.2d 270 (R.I. 2004);see also Cranston Teachers Ass'n v. Cranston Sch. Comm.,424 A.2d 648, 650 (R.I. 1981). Only when the statutory provision is unclear or "ambiguous and susceptible to more than one interpretation" will the court be required to "glean the intent and purpose of the legislature from a consideration of the entire statute, keeping in mind the nature, object, language and arrangement of the provisions to be construed."Castelli v. Carcieri, 961 A.2d 277 (R.I. 2008).
In gleaning the legislative intent and purpose of an ambiguous statutory provision, phrases and words "should not be read in a myopic manner but rather holistically and in context." Chambers v.Ormiston, 935 A.2d 956, 964 (R.I. 2007). In viewing the larger context, one may find that the meaning of questionable words in a statute "may be ascertained by reference to the meaning of other words of phrases associated with it." Id., quoting, State v.DiStefano, 764 A.2d 1156, 1161 (R.I. 2000). Additionally, looking at the larger context may include determining if the General Assembly has "explicitly enumerate[d] exceptions to a statutory provision, [whereby] a court cannot infer additional exceptions without evidence of contrary legislative intent." Waldschmidt v. Amoco Oil, 924 F.Supp. 88, 92
(1996). However, while it is important to keep the larger context in mind when determining the meaning of statutes, the court also should "refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity where none is present." Mallane v.Holyoke Mut. Ins. Co., 658 *Page 8 A.2d 18, 20 (R.I. 1995); see also Aetna Casualty Surety Co.v. Sullivan, 633 A.2d 684, 686 (R.I. 1993). While a board or agency's decision and interpretation of the statutory provision will be granted deferential treatment, it is important to note that this Court will "not construe a statute to achieve meaningless or absurd results."Tidewater Realty, LLC v. State, 942 A.2d 986, 992 (R.I. 2008).
 III Analysis
The Appellant seeks reversal of the Board's decision on the grounds that the Board erroneously interpreted the plain meaning of the teacher's retirement credit statute § 16-16-6; that, on prior occasions, ERSRI granted retirement credit purchases to other individuals for less laudable service; and that the decisions of the Board and the Hearing Officer were without substantial justification. In response, the Board submits that Appellant's claims are unfounded because the agency properly interpreted § 16-16-6 in light of its context and legislative intent; that the Board's decision was consistent with previous decisions; and that the decision was substantially justified. For the reasons set forth below, this Court concludes that while it is clear that Appellant is an exceptional, respected teacher and an asset to the Rhode Island teaching community, the Board did not err in rejecting her application to purchase retirement credits.
In conducting the review of ERSRI's decision to deny Appellant the ability to purchase retirement service credit, this Court looks to the language of § 16-16-6:
 In determining the creditable service of any teacher employed in any city or town for the purposes of retirement there may be added to, and included in, total service as defined in this chapter not more than five (5) years of service as a teacher or in a capacity essentially similar or equivalent to that of a teacher in any private school or institution, in any charter school not subject to subdivision 16-77-4(b)(12), and in public schools in which the teacher was paid by funds of the United States government except schools or institutions that are operated for profit. *Page 9 
When there is no ambiguity in the statutory language, the "statute will be literally applied, attributing the plain and ordinary meaning to its words." DiPrete, 845 A.2d 270. The Appellant argues that the Board erroneously interpreted the plain meaning of the phrase "any private school or institution" by imposing an additional requirement not set forth in the statute that the private school or institution must be similar to a public school.
This Court finds that the phrase "any private school or institution," not having been defined by the legislature, is neither clear nor unambiguous. It is, therefore, required to use rules of statutory construction to interpret the phrase. In determining the plain meaning of "institution" it is useful to reference the dictionary definition of the term because "when a statute does not define a word, courts will often apply a common meaning as provided by a recognized dictionary."Planned Environments Management Corp. v. Robert, 966 A.2d 11 (R.I. 2009). The word "institution" is defined as "an organization, establishment, foundation, society, or the like, devoted to the promotion of a particular cause or program, especially one of public, educational, or charitable character." Random House Dictionary, 2nd Edition, 1989. It also defines "institute" as a "society or organization for carrying on a particular work, as of a literary, scientific or educational character." Id. Although IIRI could be viewed as an organization promoting a certain cause, and one which is educational in nature because one of its goals is to teach English to adult immigrants, its stated mission is to "act as a full-service immigration center providing educational, legal, and social services to immigrants and refugees in RI and Southeastern New England." (Hr'g Officer Decision Ex. 7; IIRI Website Ex. N.) Thus, IIRI's mission is much broader than simply providing education. It is to assist immigrants and refugees in all aspects of community assimilation, including how to become self-sufficient, as well as providing an array of other more technical and vocational services. Id. *Page 10 
Additionally, in Price v. Retirement Board of the State of RhodeIsland, 110 R.I. 787, 298 A.2d 121 (1972) the Supreme Court held that the legislature intended "any private school or institution" to mean a school or institution similar to public schools. The plaintiff inPrice wanted to purchase credits for the time he served as a camp educational advisor in the Civilian Conservation Corps, which had been established to provide work for the unemployed in construction, maintenance, and works of a public nature. 110 R.I. 787 at 788. Although the plaintiff was a camp educational advisor and not a teacher, the court deemed him ineligible to purchase retirement service credits because the service he conducted was not for an organization which was similar to a public school. Id. at 790. The Court held that:
 . . . school is a word with many connotations. It has been defined as an institution consisting of teachers and pupils, irrespective of age, gathered together for instruction in any branch of learning the arts or sciences. Long ago, this court said that where the state's statutes refer to "public schools," these two words describe schools which are "established, maintained, and regulated" under the statute laws of Rhode Island. Public schools are thought of as institutions of learning for the young while institutions designed for education beyond the secondary school level are not usually considered as being part and parcel of the public school system. Id. (citations omitted.)
The Appellant's teaching at IIRI falls under similar analysis asPrice in that IIRI was not an institution created for any specific branch of learning, nor was it within the scope of education eligible for credit because, as a whole, it was devoted toward community service and vocational education for adults. (IIRI Website Ex. N.; see also Hr'g Officer Decision Ex. 7.) As such, the service Appellant conducted was not for an organization similar to a public school, and therefore she could not purchase retirement credit for her time at IIRI.
That this meaning was intended by the legislature can further be seen when viewing the statute in a larger context. Section 16-16-1(12) defines "teacher" as:
 . . . a person required to hold a certificate of qualification issued by or under the authority of the board of regents for elementary and secondary education *Page 11 
and who is engaged in teaching as his or her principal occupation and is regularly employed as a teacher in the public schools of any city or town in the state, or any formalized, commissioner approved, cooperative service arrangement.
The statute also sets forth that "`teaching' includes teaching, supervising, and superintending or assistant superintending of schools." Section 16-16-1(13). This statutory language clearly refers to granting service credits to people who are teachers in the public school system, as evidenced by the terms "elementary and secondary education" and "teacher in the public schools." Id.
Additionally, in gleaning the intent of the legislature, it is of note that the General Assembly carved out several exceptions for other employment positions within the statute. Sections 16-16-4 through16-16-8. In order to make retirement credits available to a wide array of teachers and individuals, the legislature has specified various types of services for which credit is available, but it has not made every category of teaching eligible to purchase credits. Id. Within the statute there are provisions for credit for school nurses (§ 16-16-4); credit for service outside the state (§ 16-16-6.1); credit for military leave (§ 16-16-7); armed service credit (§ 16-16-7.1); credit for service as a state or municipal employee (§ 16-16-8); and credit for Peace Corps, teacher corps and volunteers in service to America (§16-16-7.2). The General Assembly has carved out exceptions for each of these positions not otherwise provided for in the statute, yet has not implemented any provision for adult education at facilities such as IIRI.
The General Assembly's lack of a statutory exception provision for adult education or multi-service organizations, signifies that it did not intend teachers in those positions to have the ability to purchase retirement credits, and the Court "cannot infer additional exceptions without evidence of contrary legislative intent." Waldschimdt v.Amoco Oil Co., 924 F.Supp. 88 (1996). In Waldschmidt, there were no exceptions in the statute to prohibit citizen suits based on UST *Page 12 
petroleum leaks or spills, and because the legislature had not set out a specific provision or exception for this, the court was not allowed to infer any additional exceptions. Id. at 92. Had the General Assembly intended to provide the option for teachers of adult education or of multiservice organizations to receive retirement service credits, a special exception would have been enumerated.
Finally, Appellant's argument that she should receive retirement credits because other individuals with less meritorious experience have been granted service credits must fail. While ERSRI may have given credits to employees who met other criteria in the past, these were fact specific and not binding on the agency, especially when the legislature did nothing to later codify them.
While this Court respects the Appellant's teaching accomplishments and service, as well as her contribution to the State of Rhode Island in the field of education, the statutory interpretation of the law will not allow this period of time to be worthy of credits. The Court finds that ERSRI has not misconstrued the statute, and has applied the necessary analysis to support its decision.
 IV Conclusion
This Court concludes that the Board's decision did not violate constitutional or statutory provisions, was not in excess of the statutory authority of the Board, made upon unlawful procedure, affected by other errors of law, clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or arbitrary or capricious. Therefore, the decision was not characterized by an abuse of discretion. Accordingly, this Court concludes that ERSRI's decision to deny the Appellant the opportunity to purchase service credit for her time at IIRI was proper and affirms the decision. Counsel shall enter an order consistent with this decision.