**James Byrne CALLAHAN et al.**

v.

**Charles M. NYSTEDT.**

**No. 93–448–M.P.**

Supreme Court of Rhode Island.

May 3, 1994.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for plaintiff.

Patrick J. Quinlan, Quinn, Shechtman & Teverow, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court pursuant to a petition of the defendant, an attorney, for an issuance of a writ of certiorari to review an order of the Superior Court requiring him to produce the contents of his files on three separate clients. We deny the petition and remand the matter to the Superior Court.

Between 1987 and 1990 defendant, Charles M. Nystedt (Nystedt), a member of the Rhode Island Bar, was an employee of plaintiffs, James Byrne Callahan and his law firm, Callahan & Sayer, P.C. (Callahan).[1] An oral agreement existed between the parties under which Nystedt was paid a salary in exchange for sixteen billable hours of services performed weekly on Callahan's cases. The agreement further provided that Nystedt and Callahan were to divide equally the net proceeds from income received by Nystedt from clients generated by him and for work done while he was employed by Callahan.

---

1. At the time of Nystedt's employment the firm's name was Callahan & Sayer, P.C. The name was subsequently changed and the firm is now known as Callahan & Simpson, P.C.

In March 1990 Nystedt left Callahan's employ. Subsequently, Nystedt received payment for legal services rendered to clients who were generated by him while employed by Callahan. Callahan requested 50 percent of that income, but Nystedt refused. Callahan brought an action in Superior Court, requesting the court award the money owed plus interest, costs, and attorney's fees. Callahan also requested that the Superior Court determine the contractual rights and obligations between the parties as to income received for legal services performed for clients generated by Nystedt while he was employed by Callahan.

Callahan served a request for production of documents upon Nystedt pursuant to Rule 34(a) of the Superior Court Rules of Civil Procedure seeking production of all office files on four separate personal-injury cases, including any retainer agreements or contingency-fee agreements between Nystedt and these clients. Nystedt objected to the request, arguing first that the files were irrelevant to Callahan's claims. In the alternative he asserted that the files were protected by the attorney-client privilege. The matter was heard before a justice of the Superior Court in Newport County. At the conclusion of the hearing the justice granted Callahan's motion concerning three of the four cases on the ground that the three had been reduced to settlement. The fourth case was still open and unresolved. Nystedt failed to provide the requested documents within the time of the order, petitioned this court for writ of certiorari, and filed a motion to stay the order of the Superior Court. The motion for stay was granted by this court, and the petition for writ of certiorari was subsequently granted.

■ Rule 34(a) states:

"Subject to the provisions of Rule 30(b), any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his or her behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and any other data compilations from which intelligence can be perceived, with or without the use of detection devices) or to inspect and copy, test, or sample any tangible thing which constitutes or contains matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)."

Rule 26(b)(1) of the Superior Court Rules of Civil Procedure states:

"Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 401 of the Rhode Island Rules of Evidence defines "relevant evidence" as

"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Nystedt's first argument is without merit. Without question, the files in issue contain highly relevant material that could help determine the validity or invalidity of Callahan's claims. The files could reveal the work performed by Nystedt while employed by Callahan, the expenses paid by Callahan's office, and the nature of the relationship between the clients and Nystedt, as well as other relevant information. The requirement of relevancy has been met.

Nystedt next asserts that the trial justice erred in ordering the production of three client files because compliance would violate the attorney-client privilege. He argues that the files contain confidential communications between him and his clients and that his clients have indicated to him that they do not want the files produced.

■ Callahan claims that Nystedt is not the holder of the privilege and therefore cannot assert it. Additionally Callahan urges that the cases are closed, that he is not in an adversarial position to the clients, and that production of the files would not violate the privilege, if one exists. If a privilege is found to exist, that privilege is a specific one to be applied only to those documents that contain the protected information. Nystedt cannot assert the privilege as to the entire contents of the files.

■ It is well established that "[t]he attorney-client privilege protects from disclosure only the confidential communications between a client and his or her attorney." *State v. von Bulow,* 475 A.2d 995, 1004 (R.I.) (quoting *DeFusco v. Giorgio,* 440 A.2d 727, 731 (R.I.1982)), *cert. denied,* 469 U.S. 875, 105 S.Ct. 233, 83 L.Ed.2d 162 (1984). "The general rule is that communications made by a client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure." *Id.* (quoting *Haymes v. Smith,* 73 F.R.D. 572, 576 (W.D.N.Y.1976)). The privilege must be narrowly construed because it limits the full disclosure of the truth. *Id.* at 1006. The mere existence of a relationship between attorney and client does not raise a presumption of confidentiality. *Id.* at 1005; *Hearn v. Rhay,* 68 F.R.D. 574, 579 (E.D.Wash.1975) (citing 8 Wigmore, *Evidence,* § 2311 at 599–603 (McNaughten Rev. 1961)).

■ The following elements must be met in order to invoke the attorney-client privilege:

"(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *United States v. United Shoe Machinery Corp.,* 89 F.Supp. 357, 358–59 (D.Mass.1950); *see also United States v. Kelly,* 569 F.2d 928, 938 (5th Cir.), *cert. denied,* 439 U.S. 829, 99 S.Ct. 105, 58 L.Ed.2d 123 (1978); *von Bulow,* 475 A.2d at 1004–05.

Additionally, as stated *supra,* the communication must be intended to be confidential when made.

■ Nystedt has not met his burden because he has not satisfied the first element necessary for a finding of privilege. Only the client has standing to assert the attorney-client privilege. Although an attorney may assert the privilege on behalf of a client in some situations, the circumstances of this case will not allow it. Nystedt's submission of an affidavit in which he stated that each of the three clients wished to assert the attorney-client privilege is insufficient.

It is highly likely that the disclosure of the three closed files would in no way involve the continuing interests of the clients. Only Nystedt's financial interests are at stake. If the clients wished to assert the privilege, then each client should have personally signed and submitted an affidavit declaring his or her intent. The Superior Court could then assess the validity of their claims.

Even if the privilege had been properly asserted, Nystedt could not withhold the entire file for each client on the grounds of privilege. Only those documents containing confidential communications could have been properly withheld. *DeFusco,* 440 A.2d at 731. However, because Nystedt does not have standing to assert the attorney-client privilege, we need not analyze the status of the documents sought.

Nystedt's final argument is that the files are protected by Rule 1.6 of the Rhode Island Rules of Professional Conduct, which he argues provides broader protection than the attorney-client privilege. Callahan asserts that Rule 1.6 is inapplicable to the material in issue.

 Rule 1.6 provides:

"(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).

(b) A lawyer may, but is not obligated to, reveal such information to the extent the lawyer reasonably believes necessary:

(1) to prevent the client from committing a criminal act that the lawyer believes is likely to result in imminent death or substantial bodily harm; or (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client."

The preamble to the Rules of Professional Conduct states in part:

"[T]hese Rules are not intended to govern or affect judicial application of either the attorney-client or work product privilege. Those privileges were developed to promote compliance with law and fairness in litigation. In reliance on the attorney-client privilege, clients are entitled to expect that communications within the scope of the privilege will be protected against compelled disclosure. The attorney-client privilege is that of the client and not of the lawyer."

The drafters of this rule used language that is clear, and their intent is unambiguous. The rule does not alter or expand the scope of the attorney-client privilege, nor does it provide an alternative source of protection against disclosure when no such protection exists under the attorney-client privilege.

Nystedt's reliance on Rule 1.6 as the basis of his refusal to disclose the three files is of no avail to him.

For these reasons the petition for certiorari is denied, the writ heretofore issued is quashed, the order entered by the trial justice is affirmed, and the papers of the case are remanded to the Superior Court with our opinion endorsed thereon.

MURRAY, J., did not participate.