DECISION
Presently before the Court is plaintiffs' motion to compel defendants to produce certain documents to which defendants have asserted the attorney-client privilege. Upon a hearing, this Court ordered that the documents in dispute be provided to the Court so that an in-camera review of the documents could occur.
The attorney-client privilege as defined by the common law provides that "communications made by the client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure." Callahan v. Nystedt,641 A.2d 58 (R.I. 1994), citing State v. vonBulow, 475 A.2d 995, 1004 (R.I. 1984). (Citation omitted.) In order to invoke the privilege, the party seeking to prevent discovery must establish that "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." Id. (Citation omitted.) State v.Juarez, 570 A.2d 118 (R.I. 1990). See also State v. von Bulow,475 A.2d 995 (R.I. 1984)(placing the burden of proving the applicability of the privilege on the party seeking to invoke it).
The Rhode Island Supreme Court, however, has held that this privilege is narrowly construed because it limits the full and fair disclosure of the truth. Callahan v. Nystedt, 641 A.2d 58
(R.I. 1994). Additionally, when considering whether the privilege has been waived, a court should be mindful of the narrowness of this exception to the rule that "every person must offer testimony on all facts relevant to a judicial proceeding." Statev. von Bulow, 475 A.2d 995 (R.I. 1984). Thus the privilege will only be allowed to serve as a shield and not as an offensive tool. Id.
One generally accepted situation where others besides the actual client may waive the privilege is in testamentary contests involving heirs at law, legatees, and devisees so long as the proceedings are not adverse to the estate or the deceased client and the interests of the estate and the deceased client demand that the "truth be determined." Wigmore on Evidence, vol.VIII, ch. 82 § 2329 (supp). See also Revised UniformRules of Evidence 502 (d)(2)(1986) as cited in McCormick onEvidence 4th, vol. 1 § 87 n. 18 (1992), Am.Jur.2d, Witnesses vol. 81 § 347 and Waiver of Privilege by heir of Deceased,Heirs' Ability to Waive, 67 ALR 2d 1268.
This Court is convinced that given the nature and purpose behind this exception it should be expanded to the beneficiaries of a trust established by a decedent. Such an expansion of the exception is most justified in the present context because of the allegations of conflict of interest and abuse lodged by the beneficiaries of Dominic Zinni against Zinni's former attorney, Richard Pierce, and the Rhode Island Hospital Trust, who serves as the trustee to the trust.
Additionally, Rhode Island recognizes exceptions to the privilege where fraud, wrongdoing, and alleged attorney misconduct are issues. Rhode Island Rules of Evidence, Rule 501 n. 3. Similar exceptions are recognized in the Revised Uniform Rules of Evidence, 502 (d)(3)(1986).
It should be noted by the concerned parties that this ruling is not one on the admissibility of any documents to be released. Thus, any issues of admissibility should be addressed at trial.
Upon completion of the in-camera review, it is hereby ordered:
The following documents provided by attorney Evangelista should be released to plaintiffs:
 The letter dated 3-22-91 from Gardner to Pierce. The memos (2) dated 6-3-91 from Miluski to Pierce. The memos (2) dated 6-3-91 from Miluski to Enright. The memo dated 6-6-91 from Pierce to Carpenter. The memo dated 6-11-91 from Carpenter to Sammartino. The memo dated 7-2-91 from Sammartino to Carpenter. The memo dated 8-18-91 from Hopkins to Pierce. The memo dated 10-02-92 from Miluski to Grimm. The memo dated 11-2-92 from Boghossian to Grimm with hand-written notes. The memo dated 11-18-92 from Grimm to Pierce. The memo dated 12-16-92 from Pierce to Grimm. The memo dated 12-16-92 from Pierce to Grimm with enclosure. The memo dated 5-2-93 from Shaw to Pierce. The memo dated 4-1-93 from Pierce to Grimm. The memo dated 4-14-93 from Pierce to Grimm. The memo dated 4-16-93 from Pierce to Carlotti. The memo dated 4-26-93 from Shaw to Pierce with attachment. The letter dated 6-11-93 from Pierce to Partridge. The memo dated 11-30-93 from Shaw to Pierce.
The following documents should not be released to plaintiffs for the reason that they are privileged:
 The letter dated 4-19-93 from Grimm to Corrente. The letter dated 4-30-93 from Pierce to Corrente. The letter dated 5-14-93 from Pierce to Corrente. The letter dated 5-19-93 from Corrente to Snow and DiBiase. The letter dated 5-28-93 from Corrente to Pierce. The letter dated 6-1-93 from Corrente to Pierce. The letter dated 6-11-93 from Corrente to Pierce. The letter dated 6-18-93 from Corrente to Pierce. The letter dated 6-25-93 from Pierce to Corrente. The letter dated 7-30-93 from Corrente to Pierce. The letter dated 9-14-93 from Corrente to Pierce. The letter dated 8-15-95 from Corrente to DeFanti. The fax dated 12-5-95 from Corrente to Pierce. The letter dated 12-19-95 from Pierce to Corrente. The fax dated 4-18-96 from Corrente to Pierce. The memo dated 4-22-96 from Pierce to Barney. The memo dated 4-22-96 from Pierce to Barney. The letter dated 5-16-96 from Pierce to Corrente with enclosure. The letter dated 5-17-96 from Corrente to Pierce.
 The following documents should be released to plaintiffs in redacted form:
 The memo of 2-9-91 from Pierce to the office shall be redacted so that the names of all entities not a party to the instant matter are removed.
 The memo of 10-22-92 from Mack to Pierce et al shall be redacted so that the names and account numbers of all entities not a party to the instant matter are removed.
 The memo dated 10-30-92 from Pierce to Mack shall be redacted so that the names of all entities not a party to the instant action are removed.
 The letter dated 4-19-93 from Grimm to Tyler redacted to remove the last sentence of the first paragraph.
 The letter dated 5-24-93 from Tyler to Pierce redacted so as to remove the second paragraph.
The following documents provided by Attorney St. Sauvier should be released to plaintiffs for the reasons stated above and because the attorney-client privilege is inapplicable given the allegations of continuing fiduciary misconduct and the possibility that counsel at Hinckley Allen was acting in such a away as to assist Rhode Island Hospital Trust to continue to conduct itself in an allegedly tortious manner:
 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 44.
The following documents, however should not be released:
 6, 33, 41, 42, 43.
Counsel shall prepare and submit the appropriate order.