DECISION
Presently before the Court is plaintiff's motion to compel defendants production of certain documents and redacted portions of other partially produced documents. The defendants have objected based on their assertion of the attorney-client privilege. This Court ordered that the documents and redactions in dispute be provided to the Court so that an in camera review of the documents could occur.
The attorney-client privilege, as defined by the common law, provides that "communications made by the client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure." Callahan v. Nystedt,641 A.2d 58 (R.I. 1994) citing State v. Von Bulow, 475 A.2d 995, 1004 (RI)(citation omitted). In order to invoke the privilege the party seeking to prevent discovery must establish that "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." Id. citation omitted and State v.Juarez, 570 A.2d 1118 (1990). See also State v. Von Bulow,475 A.2d 995 (1984)(placing the burden of proving the applicability of the privilege on the party seeking to invoke it.)
While recognizing that this privilege is to be narrowly construed because it limits the full and fair disclosure of the truth, Callahan v. Nystedt, 641 A.2d 58 (R.I. 1994), the privilege should not be "whittled away by fine distinctions"Williams v. Rhode Island Hospital Trust, 88 R.I. 23,143 A.2d 324 (1958).
This Court is satisfied that the documents submitted to it by defendant Newport Hospital are in fact covered by the attorney-client privilege. This includes the redactions made by defendant prior to its turning over certain documents to plaintiff. Based upon the representations of counsel for defendants, Thomas Gidley, and the vagueness and uncertainty of plaintiff's statements about "confidential" communications from unidentified third parties about what occurred at meetings of either the Board of Trustees or the Executive Committee (plaintiff is not sure) this Court finds that a waiver of the privilege has not occurred. In addition, defendants have not waived this privilege through the assertion of affirmative defenses because defendants have not attempted to use the advice of their counsel as a defense. Thus they are not attempting to use the privilege as both a shield and as a sword. State v. VonBulow, 475 A.2d 995 (1984).
As a result, the following documents and redactions which are currently under consideration by this Court are held to be covered by the attorney-client privilege and should not be provided to plaintiff:
 The Minutes of the Executive Committee of the Board of Trustees Meeting dated September 11, 1987;
 Page 7 of the Minutes of the Board of Trustees Meeting dated September 17, 1987;
 The Minutes of the Executive Committee of the Board of Trustees Meeting dated September 22, 1987;
 The Minutes of the Executive Committee of the Board of Trustees Meeting dated October 1, 1987;
 The letter dated July 21, 1987 from Ann James to Robert J. Healey;
 Portions of pages 1, 2 and 3 of the Minutes for the Special Board of Trustees Meeting dated July 23, 1987 as redacted; and
 Portions of pages 2 and 3 of the Minutes of the Board of Trustees Meeting dated June 18, 1987 as redacted.
 Counsel shall prepare and submit an appropriate order.