January 19, 2018

**Supreme Court**

No. 2016-241-Appeal.
(WC 16-128)
(dissent begins on page 7)

North Kingstown School Committee       :

                    v.                  :

       Ken Wagner et al.                :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2016-241-Appeal.
(WC 16-128)
(dissent begins on page 7)

North Kingstown School Committee    :

v.    :

Ken Wagner et al.    :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

### O P I N I O N

**Chief Justice Suttell, for the Court.**    The respondent James Viner appeals from a Superior Court judgment that granted in part and denied in part a petition to quash three subpoenas, which petition was brought by North Kingstown School Committee (the school committee or petitioner).  This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised on this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and we proceed to decide the appeal at this time.  For the reasons set forth herein, we vacate the judgment insofar as it relates to the quashed subpoenas directed to the two attorneys for the school committee, affirm the judgment in all other respects, and remand this case to the Superior Court for further proceedings consistent herewith.

**Facts and Procedural History**

Viner was a North Kingstown High School chemistry teacher. It is undisputed that, during the summer following the 2014-2015 school year, one of Viner's female students complained to her mother, who informed the school administration, about alleged inappropriate behavior by Viner. In an affidavit submitted to the Superior Court, Attorney Mary Ann Carroll, as legal counsel to the school committee, explained, that upon learning of the allegations, her law firm launched an investigation. She further explained that Attorney Aubrey Lombardo assisted in the investigation by interviewing five high school students and preparing a report based on those interviews, which was submitted to the superintendent of the North Kingstown School Department and the principal of North Kingstown High School.

In a letter dated August 27, 2015, from the Chairperson of the North Kingstown School Committee to Viner, the Chairperson noted that a "pre-depr[i]vation hearing" was held on August 24, 2015, at which Viner, his union representative, the superintendent, the principal, and the school committee's legal counsel were present. The letter further indicated that, on August 25, 2015, following the "pre-depr[i]vation hearing," a "pre-suspension hearing" was conducted before the school committee in executive session. During the "pre-suspension hearing," the superintendent made a presentation and recommended that the school committee suspend Viner without pay for the 2015-2016 school year and terminate his employment at the conclusion of the school year "for good and just cause." Additionally, the letter to Viner noted that at the close

---

[1] Because the only matter filed in Superior Court was the school committee's petition seeking to quash the three subpoenas, the record of the administrative proceedings available to that court was sparse. Consequently, our recitation of the facts relies primarily on the representations of the parties. It does not appear as though there is any disagreement as to the factual predicate of the appeal.

of the "pre-suspension hearing," the school committee voted to accept the superintendent's recommendation.

In response, Viner requested a full evidentiary hearing before the school committee, which took place on December 7, 2015. At the conclusion of the full evidentiary hearing, the school committee again voted to suspend Viner without pay for the remainder of the school year and then terminate his employment at the close of the year. In turn, Viner appealed the school committee's decision to the commissioner of elementary and secondary education within the Rhode Island Department of Elementary and Secondary Education (RIDE). At Viner's request, the RIDE hearing officer issued three subpoenas pursuant to G.L. 1956 § 16-39-8[2]: witness subpoenas addressed to Attorneys Carroll and Lombardo and a subpoena duces tecum to the North Kingstown School Department.

Subsequently, in Superior Court, the school committee filed a miscellaneous petition to quash the three subpoenas issued by the RIDE hearing officer. The hearing justice granted in part and denied in part the school committee's motion to quash the subpoenas, and final judgment entered on May 23, 2016. Shortly thereafter, Viner timely appealed. The parties

---

[2] General Laws 1956 § 16-39-8 provides:

> "In any hearing conducted within the department of elementary and secondary education, the commissioner of elementary and secondary education or the hearing officer shall have the power to issue subpoenas to compel the attendance of witnesses and the production of documents or other material. Subpoenas shall also be issued by the commissioner or hearing officer at the request of any party participating in any hearing. If not complied with, subpoenas issued under this section shall be enforceable in a contempt action brought in the [S]uperior [C]ourt of Providence County by the commissioner of elementary and secondary education or any party in interest."

concur that the sole issue on appeal is the hearing justice's grant of the school committee's motion to quash the subpoenas compelling the attorneys' testimony.

According to Viner, after the Superior Court's judgment entered and while the appeal before this Court was pending, the matter before the RIDE hearing officer proceeded. The school committee indicates that on May 9, 2017, the RIDE hearing officer issued a final decision and order that upheld the school committee's decision to suspend and ultimately terminate Viner. The school committee further indicates that on June 1, 2017, Viner appealed the hearing officer's final decision and order to the council on elementary and secondary education (the council). At oral argument, the parties informed this Court that the matter is still pending before the council and has yet to be heard.[3]

## II

### Standard of Review

"[I]ssues of privilege are subject to a three-part standard of review, depending on which question is presented * * *." *United States v. Bisanti*, 414 F.3d 168, 170, 170-71 (1st Cir. 2005) (concluding that "[f]actual determinations are reviewed for clear error, legal determinations are reviewed de novo, and evidentiary determinations are reviewed for abuse of discretion"). An

---

[3] We note that pursuant to G.L. 1956 § 16-39-4, judicial review of controversies in school matters may be obtained through the Rhode Island Administrative Procedures Act (APA). Under the APA, "[a]ny preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency order would not provide an adequate remedy." G.L. 1956 § 42-35-15(a). This matter's unique posture, however—where the RIDE hearing officer proceeded to hear and decide this case before a decision on the subpoenas had been finally rendered by this Court, and while an appeal is pending before the council on elementary and secondary education—suggests that the school committee's petition to quash may not have been ripe for review. Judicial review of interlocutory rulings of administrative agencies must be "sparingly exercise[d] * * * in order to avoid inundation by preliminary issues that may ultimately be resolved or become moot in the course of litigation at the administrative level." *La Petite Auberge, Inc. v. Rhode Island Commission for Human Rights*, 419 A.2d 274, 279 n.5 (R.I. 1980).

issue of law is reviewed *de novo* and "factual and evidentiary determinations are vested in the sound discretion of the trial justice." *State v. Lead Industries Association, Inc.*, 64 A.3d 1183, 1191 (R.I. 2013).

## III

### Discussion

On appeal, Viner contends that the hearing justice applied the attorney-client privilege to the attorneys' anticipated testimony in an overly broad manner when he failed to make question-by-question privilege determinations. The school committee counters averring that the hearing justice was justified in quashing the subpoenas because Viner did not indicate "any viable, nonprivileged areas of inquiry" that could have been posed to the attorneys if required to testify. Ultimately, the hearing justice concluded:

> "It's unclear to the Court what, if any, information would be derived from requiring the attorneys to testify if the interviews themselves had been turned over. The only thing that would be left to inquire of the attorneys would be their communications with their client [and] any opinions that they may have had * * *."

Because this is a question regarding the hearing justice's understanding and construction of the privilege's scope, and not his application of the privilege to the facts at hand, this is a legal question that requires a *de novo* review. *See United States v. Mejia*, 655 F.3d 126, 131 (2d Cir. 2011) (noting that, "[a]lthough the applicability of a privilege is a factual question, determining the scope of a privilege is a question of law, subject to plenary review" (quoting *United States v. Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 119 F.3d 210, 214 (2d Cir. 1997))); *United States v. Ruehle*, 583 F.3d 600, 606 (9th Cir. 2009) (reviewing a trial court's ruling on "the scope of the attorney-client privilege" *de novo*); *Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 225 (1st

Cir. 2005) (explaining that the "formulation" of an attorney-client privilege doctrine is reviewed *de novo*, whereas "[t]he application of properly formulated doctrine to the facts remains a matter of discretion for the district court").

"We have held that the attorney-client privilege 'must be narrowly construed because it limits the full disclosure of the truth.'" *Pastore v. Samson*, 900 A.2d 1067, 1084 (R.I. 2006) (quoting *Callahan v. Nystedt*, 641 A.2d 58, 61 (R.I. 1994)). Thus, "blanket assertion[s] of [the] privilege [are] generally insufficient." *See In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011). In the case before us, we conclude that the hearing justice erred by broadly ruling that the attorneys could not be compelled to testify because other sources of information may have already provided the information sought by Viner. Rather, to ensure that the privilege remains strictly confined, the attorneys should testify either in person or by deposition and the school committee can assert a claim of privilege on a question-by-question basis. *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). The hearing justice would then be able to make a separate determination for each privilege claim. *See id.*

Based on the foregoing, therefore, we remand this case to the Superior Court to follow the procedure described above. At the discretion of the hearing justice, the two attorneys may either be deposed or testify at a hearing. The hearing justice may then make an attorney-client privilege determination on a question-by-question basis, bearing in mind that the burden of persuasion rests upon the party seeking to assert the privilege. *See State v. von Bulow*, 475 A.2d 995, 1005 (R.I. 1984). We expect that the council on elementary and secondary education will refrain from proceeding further on this matter until the issue is resolved by the hearing justice. Following the hearing justice's privilege determination, any party in interest may request the RIDE hearing officer to reopen the evidence to receive any testimony from the attorneys that has

been deemed to be nonprivileged by the hearing justice. In the event that the administrative proceedings result in a final judgment under the APA, an aggrieved party may claim the hearing justice's decision on the attorney-client privilege as error in a petition for a writ of certiorari under G.L. 1956 § 42-35-16.

## IV

## Conclusion

For the reasons set forth herein, we vacate the Superior Court judgment granting the school committee's motion to quash the attorneys' subpoenas, affirm the judgment in all other respects, and remand this case to the Superior Court for further proceedings consistent herewith.

**Justice Robinson, dissenting.** I must respectfully dissent from the majority's opinion because I believe that the issue before the Court is not ripe due to the fact that an appeal to the Council on Elementary and Secondary Education remains pending; and, if James Viner prevails in that appeal, it would render the instant case entirely moot. Indeed, the majority itself concedes that "the school committee's petition to quash may not have been ripe for review" and that review of such interlocutory rulings of administrative agencies should be "sparingly exercise[d] * * *." (Internal quotation marks omitted.) It is my definite belief that, in the instant case, this Court should follow "our usual policy of not opining with respect to issues about which we need not opine * * *." *Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009).[4]

---

[1] I acknowledge that G.L. 1956 § 42-35-15(a) provides that "[a]ny preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency order would not provide an adequate remedy." I am of the opinion that this is simply not such a case.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | North Kingstown School Committee v. Ken Wagner et al. |
| **Case Number** | No. 2016-241-Appeal. (WC 16-128) |
| **Date Opinion Filed** | January 19, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Luis M. Matos |
| **Attorney(s) on Appeal** | For Petitioner: <br><br> Andrew Henneous, Esq. <br><br> For Respondent: <br><br> Vicki J. Bejma, Esq. |