March 24, 2025

**Supreme Court**

No. 2022-328-M.P.
(PC 20-8954)

Rajmonda Mile                :

v.                      :

Kirkbrae Country Club.       :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Rajmonda Mile                          :

v.                          :

Kirkbrae Country Club.                          :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The plaintiff, Rajmonda Mile (plaintiff or Ms. Mile), seeks review on certiorari of an order of the Superior Court that denied her motion to compel production of a videotape depicting her slip-and-fall accident while on the premises of the defendant Kirkbrae Country Club (Kirkbrae).  This Court issued the writ and assigned the matter for full briefing.  For the reasons set forth in this opinion, we quash the order of the Superior Court and remand this matter for further proceedings consistent with this opinion.

**Facts and Travel**

The instant matter arises from a slip-and-fall accident (incident) that allegedly occurred on September 9, 2018, while Ms. Mile was at Kirkbrae for her daughter's wedding.  Ms. Mile filed a complaint in Providence County Superior Court against

Kirkbrae; as part of the litigation, she served Kirkbrae with interrogatories seeking to determine whether there "[w]ere any photographs or videotapes taken at any time since the incident of the plaintiff and/or scene of the incident[,]" or whether surveillance materials "ha[d] been obtained, produced or commissioned relative to the plaintiff at any time subsequent to the subject accident * * *." Kirkbrae objected to the interrogatories "to the extent that [they] impinge[] on attorney work product privilege[,]" but responded that it would produce responsive material "in accordance with *Cabral v. Arruda*[, 556 A.2d 47 (R.I. 1989)]."[1]

Kirkbrae subsequently supplemented its answers, providing a privilege log to indicate that it was "in possession of a surveillance video of the incident taken on the date of the incident." Ms. Mile sought production of a copy of the video referenced in Kirkbrae's supplemental answers. Kirkbrae again objected, citing *Cabral*.

Ms. Mile then filed a motion to compel production of the video of the incident referenced in Kirkbrae's supplemental answers to interrogatories. She argued that the video was "taken at the time of the incident" and "prepared in the regular course of business prior to the onset of litigation." Therefore, she asserted, it was not

---

[1] In *Cabral v. Arruda*, 556 A.2d 47 (R.I. 1989), this Court held that surveillance photographs of a personal-injury plaintiff taken after the date of the incident were discoverable but, because those photos constituted attorney work product, they were entitled to be withheld until after the plaintiff had been deposed. *Cabral*, 556 A.2d at 50.

- 2 -

protected under *Cabral* and must be produced. Kirkbrae opposed Ms. Mile's motion to compel, indicating that it had identified a responsive video on its surveillance cameras and would produce it after plaintiff's deposition, consistent with this Court's conclusion in *Cabral* that surveillance materials are entitled to work-product protection.

At a hearing on Ms. Mile's motion to compel before a justice of the Superior Court, Ms. Mile's counsel distinguished *Cabral* from the instant case by pointing out that, in *Cabral*, the disputed surveillance photographs were made "at the request of [an] attorney to document the [p]laintiff's alleged injuries" after the incident giving rise to the litigation; but here, counsel noted, the video was prepared contemporaneously with the incident and was not made in anticipation of litigation or at the request of counsel. Counsel for Ms. Mile further argued that Kirkbrae's rationale for its objection—that it wanted to withhold the video so that she did not tailor her deposition testimony to the video after seeing it—was unreasonable because she had already provided a detailed written description of the incident in response to Kirkbrae's interrogatories; such interrogatory responses would provide a basis to expose any change in her story at her deposition. Finally, Ms. Mile argued that withholding the evidence from her until her deposition would cause undue hardship.

Kirkbrae agreed that the video was subject to production but sought, consistent with "the principles of *Cabral*, that [Kirkbrae] be allowed to depose the [p]laintiff prior to producing the video." Kirkbrae acknowledged, however, that the video at issue was recorded at the time of the incident, that it captured the incident itself, and that it was not created "at [counsel's] behest." Nevertheless, counsel for Kirkbrae argued that post-deposition disclosure of the video would allow Kirkbrae to "ask [plaintiff its] questions * * * prior to the answers being able to be tailored * * * to what is or is not seen on the video." Ms. Mile emphasized in rebuttal that "*Cabral* only comes about" if the video is work product, which this video is not.

The trial justice denied Ms. Mile's motion to compel. Ms. Mile thereafter sought review of the trial justice's order by filing a petition for writ of certiorari in this Court. She argued that the trial justice erroneously denied production of the video, which is actual evidence of the incident and not work product. This Court granted the petition and issued the writ on June 2, 2023.

We consider whether the trial justice committed an error of law in denying plaintiff's motion to compel production of the video of the incident taken on September 9, 2018, the date of the incident.

**Standard of Review**

"It is well settled that this Court limits its review on certiorari to examining the record to determine if an error of law has been committed." *Noonan v.*

- 4 -

*Sambandam*, 296 A.3d 670, 673 (R.I. 2023) (quoting *Nickerson v. Reitsma*, 853 A.2d 1202, 1205 (R.I. 2004)). While we review the scope of Rule 26 of the Superior Court Rules of Civil Procedure *de novo*, a trial justice has "broad discretion" in granting or denying discovery motions, and "this Court will not disturb [that discretion] * * * save for an abuse" of it. *State v. Lead Industries Association, Inc.*, 64 A.3d 1183, 1191 (R.I. 2013) (quoting *Colvin v. Lekas*, 731 A.2d 718, 720 (R.I. 1999)). "If legally competent evidence exists to support [the trial justice's] determination, we will affirm it" unless errors have so "infected the validity of the proceedings as to warrant reversal." *Pastore v. Samson*, 900 A.2d 1067, 1073-74 (R.I. 2006) (quoting *Cullen v. Town Council of Lincoln*, 850 A.2d 900, 903 (R.I. 2004)).

## Discussion

The philosophy underlying modern discovery is to "promote broad discovery among parties during the pretrial phase of litigation." *Henderson v. Newport County Regional Young Men's Christian Association*, 966 A.2d 1242, 1246 (R.I. 2009); *see Hickman v. Taylor*, 329 U.S. 495, 501 (1947) ("[C]onsistent with recognized privileges, [discovery allows] the parties to obtain the fullest possible knowledge of the issues and facts before trial."). To that end, our rules promote the disclosure of

"all data relevant to the pending controversy * * * unless the data is privileged[,]" so that controversies can be decided on their merits. *Cabral*, 556 A.2d at 48.

This case concerns the applicability of the work-product privilege to the video depicting Ms. Mile's slip-and-fall incident, captured on Kirkbrae's surveillance cameras on the date of the incident. We agree with Ms. Mile that the trial justice erroneously denied production of the video of the incident, which is actual evidence of the incident and not work product.

Rule 26(b)(3) of the Superior Court Rules of Civil Procedure codifies the work-product privilege, providing that

> "a party may obtain discovery of documents and tangible things otherwise discoverable * * * and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

The work-product privilege thus protects photographs and films from disclosure when they are prepared in anticipation of litigation or for trial. *See Cabral*, 556 A.2d at 49 (holding that photographs and films are within the scope of Rule 26). Rule

- 6 -

26(b)(3) triggers a requirement for the party seeking disclosure to demonstrate a "substantial need of the materials" and that they are unable to access the equivalent by other means. Super. R. Civ. P. 26(b)(3).  Critically, however, the party who seeks to shield a document, photograph, video, or other thing from discovery bears the initial burden of establishing a right to nondisclosure by demonstrating that the privilege applies. *Pastore*, 900 A.2d at 1080; *see North Kingstown School Committee v. Wagner*, 176 A.3d 1097, 1100 (R.I. 2018) (noting that "the burden of persuasion rests upon the party seeking to assert the privilege"); *see also Conoco Inc. v. United States Department of Justice*, 687 F.2d 724, 730 (3d Cir. 1982) ("The burden of demonstrating that a document is protected as work-product rests with the party asserting the doctrine.").

This Court explained in *Cabral* that where a lawyer creates, or causes to be created, surveillance materials solely for his or her own case-preparation purposes, such material is work product. *Cabral*, 556 A.2d at 50-51.  The United States Court of Appeals for the First Circuit has likewise explained that, under the substantially similar federal rule, in order for material to be "prepared in anticipation of litigation" it must be "done for litigation" specifically, and not "in the ordinary course of business or [be material] that would have been created in essentially similar form irrespective of the litigation." *United States v. Textron Inc. and Subsidiaries*, 577 F.3d 21, 29-30 (1st Cir. 2009) (emphasis omitted) (quoting *Maine v. United States*

*Department of Interior*, 298 F.3d 60, 70 (1st Cir. 2002)). Here, it is undisputed that Kirkbrae's surveillance cameras captured Ms. Mile's slip-and-fall incident at the time it occurred, and not at the behest of counsel. In fact, Kirkbrae conceded at the hearing on plaintiff's motion to compel that the video in its possession was taken at the time of the injury and was not recorded at the request of an attorney. As such, Kirkbrae sought the protection of the work-product privilege to shield the video from discovery but did not, and could not, meet its burden of establishing a right to nondisclosure in the first instance. *See Henderson*, 966 A.2d at 1248 (granting work-product protection to company report because an attorney told board to create the report after learning of alleged illegal conduct by employee); *Cabral*, 556 A.2d at 49-50 (granting work-product protection to surveillance photos taken by investigator hired by the defendant's attorney after litigation commenced).

We acknowledge that, in some cases, a particular piece of evidence may require a searching review of the record and statements of the parties to determine why it was created and whether that purpose aligns with the policy of the work-product protection; however, where, as here, an attorney concedes that the material was made contemporaneously in the course of business rather than at the behest of an attorney after the fact, our job is much simpler. *See Hickman*, 329 U.S. at 510-11 (explaining contours of the work-product protection to protect an attorney's "interviews, statements, memoranda, correspondence, briefs, [and]

- 8 -

mental impressions" but not "relevant and non-privileged facts" contained within an attorney's files); *Cabral*, 556 A.2d at 49 (providing examples of uses of surveillance material that can establish that they were made in anticipation of litigation). Our analysis of the application of the work-product privilege begins and ends with Kirkbrae's failure to meet its initial burden of establishing a right to nondisclosure of the video by demonstrating that the work-product privilege applies. *North Kingstown School Committee*, 176 A.3d at 1100.

Kirkbrae's attempt to invoke the "principles of *Cabral*" and assert that the video is entitled to a post-deposition disclosure procedure is novel but ultimately unavailing. Although Kirkbrae has not clearly explained what the "principles" are, we observe that Kirkbrae has conceded from the outset that the instant matter differs from *Cabral* because *Cabral* evaluated "surveillance materials created after-the-fact" and at the direction of a lawyer. To the extent that we read *Cabral* as evincing any "principles" with regard to a post-deposition disclosure procedure, they are triggered only after a party from whom discovery is sought carries its initial burden of establishing that the material is work product in the first instance, most typically shown when a document or thing has been prepared at the request of an attorney. *See Cabral*, 556 A.2d at 49.

Finally, Kirkbrae urges this Court to affirm the trial justice's decision to deny Ms. Mile's motion to compel as an exercise of his inherent authority over discovery

found in Rule 26(d). However, Kirkbrae did not raise Rule 26(d) as a basis for its objection in the trial court; Kirkbrae's sole objection to Ms. Mile's request for production was that the video was work product under *Cabral.* As such, this argument is waived. *See Cronan v. Cronan*, 307 A.3d 183, 192 (R.I. 2024).

Based on our examination of the record, we conclude that the trial justice erred in denying Ms. Mile's motion to compel production of the video of the incident taken on September 9, 2018, the date of the incident.

**Conclusion**

We quash the order of the Superior Court denying the plaintiff's motion to compel production of the video of the incident and remand the record with instruction that the Superior Court enter an order consistent with this opinion.



## (STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Rajmonda Mile v. Kirkbrae Country Club. |
| **Case Number** | No. 2022-328-M.P.<br>(PC 20-8954) |
| **Date Opinion Filed** | March 24, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ryan C. Hurley, Esq. |
| | For Defendant:<br><br>Krista J. Schmitz, Esq. |